■ RUTH VAN VALKENBURGH, as Limited Administrator of the Estate of SHIRLEY M. ROBINSON, Deceased, Appellant, v BRETT K. ROBINSON et al., Respondents. [639 NYS2d 149] —Crew III, J.

Defendant Brett K. Robinson was employed as a police officer for defendant Village of Catskill Police Department. On June 17, 1989, while on duty, Robinson notified the police station that he was taking his lunch break and thereafter met his

wife (hereinafter decedent) for lunch at a local restaurant, during which time an argument ensued. As Robinson and decedent left the restaurant, the argument continued and, in an attempt to calm decedent down, Robinson got into decedent's vehicle and tried to reason with her. When it became clear that decedent was not going to calm down, Robinson decided to return to his patrol car. As he turned his back to decedent to get out of her truck, decedent reached over and removed Robinson's service revolver from his holster. Decedent advised Robinson that she had no intention of shooting anyone, but that she was not relinquishing the revolver until they finished their argument. At that point Robinson suggested that they go somewhere more private to work things out.

Robinson and decedent then drove their respective vehicles to the rear loading docks of a nearby shopping plaza where Robinson left his patrol car and got back into decedent's truck. Robinson was unable to visually locate his revolver and did not know whether decedent was holding it or if she had hidden it somewhere in the vehicle. While they continued to argue, the gun accidentally discharged striking decedent in the right hip. Seconds later, decedent pulled the gun out from her right side and it discharged a second time hitting Robinson in the right side of the neck, as the result of which he was immediately paralyzed from the neck down. Seconds later, decedent turned the gun on herself and fired a round into her chest, which resulted in her death.

Plaintiff, decedent's mother, commenced this wrongful death action on behalf of decedent's estate against Robinson, the Village of Catskill and the Village Police Department. After issue was joined, defendants moved for summary judgment dismissing the complaint on the ground that, *inter alia*, even if negligence were established on the part of defendants, decedent's intentional act of shooting herself was an intervening and superseding cause of her death precluding liability. Supreme Court granted defendants' motions and this appeal ensued.

We agree with defendants' assertion that, even assuming they were negligent in the first instance, decedent's suicidal act was an intervening or superseding cause of her death relieving them of liability. It has long been the law that "an intervening intentional * * * act will generally sever the liability of the original tort-feasor" (*Kush v City of Buffalo*, 59 NY2d 26, 33). Clearly, it was reasonably foreseeable that if decedent were permitted possession of the semiautomatic handgun in question, she might *inadvertently*, through her inexperience

with such an instrumentality, injure herself or a third party. The discharge that killed decedent, however, was not accidental. And, while it was possible, of course, that she would intentionally take her own life, that situation clearly was not probable and, therefore, was not reasonably foreseeable (*see, Perry v Rochester Lime Co.*, 219 NY 60, 64). Accordingly, decedent's suicidal act was so extraordinary in nature that liability therefor cannot reasonably be attributed to defendants (*see, Kush v City of Buffalo, supra*, at 34).

Mercure, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.