■ DONNA M. WATKINS, Individually and as Administrator of the Estate of JOHN R. WATKINS, Deceased, Respondent, v JOHN LABIAK et al., Appellants. [723 NYS2d 227] —In an action, *inter alia*, to recover damages for wrongful death, the defendants John Labiak and Richard Moore separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated January 21, 2000, as denied those branches of their separate motions which were for summary judgment dismissing the cause of action to recover damages for wrongful death insofar as asserted against them, and the defendant Good Samaritan Hospital Medical Center appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the cause of action to recover damages for wrongful death insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, those branches of the separate motions of the defendants John Labiak and Richard Moore and the motion of the defendant Good Samaritan Hospital Medical Center which were for summary judgment dismissing

the cause of action to recover damages for wrongful death insofar as asserted against them are granted, and that cause of action is dismissed.

The decedent John R. Watkins was admitted to the defendant Good Samaritan Hospital Medical Center (hereinafter Good Samaritan) in November 1996 for back surgery, which was performed by the defendant John Labiak. The defendant Richard Moore was the anesthesiologist. Soon after the surgery, the decedent complained of numbness, weakness, and pain in his right shoulder, and he was diagnosed with brachial nerve impairment. On June 4, 1997, he committed suicide. The plaintiff, the decedent's wife and the administratrix of the estate, commenced this action, *inter alia*, to recover damages for medical malpractice and wrongful death, alleging that the defendants' failure to properly position the decedent before and during surgery caused his brachial nerve impairment, which led to his suicide. Labiak and Moore separately moved, *inter alia*, for summary judgment dismissing the cause of action to recover damages for wrongful death insofar as asserted against them, and Good Samaritan moved for summary judgment dismissing that cause of action insofar as asserted against it. The Supreme Court denied that relief. On appeal, the defendants contend that the Supreme Court erred in declining to dismiss the cause of action to recover damages for wrongful death.

Under certain circumstances, a tortfeasor may be held liable for the suicide of a person that is the result of the tortfeasor's negligent conduct, provided the suicide is a foreseeable consequence of the tortfeasor's acts (*see, Fuller v Preis,* 35 NY2d 425, 429; *D'Addezio v Agway Petroleum Corp.,* 186 AD2d 929, 931). Here, the decedent's suicide was not a foreseeable consequence of the defendants' alleged negligence, and the cause of action to recover damages for wrongful death should have been dismissed. Santucci, J. P., Altman, Florio and Luciano, JJ., concur.