■ ALICE MCGUIRE, Respondent, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Appellant. [760 NYS2d 469] —Order, Supreme Court, New York County (Paula Omansky, J.), entered November 7, 2001, which, in this action for wrongful death, denied defendant's motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff's decedent committed suicide on July 6, 1992, while on duty as a bridge and tunnel officer employed by defendant. After he failed to relieve another toll collector as scheduled, his supervisor, Sgt. Steven Kreisberg, found him sitting in his car approximately 50 feet from the employee parking lot. The decedent, who had reported for work in his uniform, was wearing civilian clothes and Kreisberg could tell he had been drinking. He would not answer Kreisberg's questions but said he had a personal problem and asked Kreisberg to get into the car with him. Several times Kreisberg urged the decedent to return to the building to talk or to call someone. He finally told the decedent he was going to write him up for being intoxicated. The decedent asked Kreisberg to report him as sick instead, but Kreisberg said he could not do that. At Kreisberg's direction, the decedent then slowly drove his car into the employee parking lot. Kreisberg returned to the building to find an officer to cover the remainder of the decedent's shift and to write the memo. A half-hour later, Kreisberg returned to the parking lot to check on the decedent and found him dead of a self-inflicted gunshot wound.

The record reflects that the decedent was a mild-mannered man who had no emotional or other difficulties apparent to his widow or his supervisor. Plaintiff, his widow, described the decedent as a "normal, well-adjusted guy" who had no emotional problems. She said he was "[v]ery easy going. Low keyed. Happy." Plaintiff testified that the decedent drank a six-pack of beer every day but that she never saw him impaired by alcohol. She said that drinking never slurred his speech or made him unsteady on his feet, glassy-eyed, moody or angry. Plaintiff observed no unusual behavior on the decedent's part in the months before his death and had no knowledge whatsoever of what would have led him to kill himself. She said she was not aware that he was having any difficulties. Kreisberg, his supervisor, also described the decedent as quiet and easygoing. He testified that, to his knowledge, the decedent had no disciplinary history on the job. Kreisberg also testified that he saw nothing on the decedent's person or in the car that

night to indicate that the decedent, who was authorized though not required to carry a firearm, was armed.

There is not a scintilla of evidence in the record to indicate that defendant should have anticipated that the decedent would take his own life (*cf. Cygan v City of New York*, 165 AD2d 58, 68 [1991], *lv denied* 78 NY2d 855 [1991] [off-duty police officer's suicide four months after his gun was returned to him after a period during which he was undergoing psychological evaluation for reasons other than suicidal behavior was held unforeseeable]). Concur—Nardelli, J.P., Andrias, Saxe, Ellerin and Lerner, JJ.