■ LAUREN LEVINSTIM, Respondent, v KATHERINE PARKER, Appellant. [815 NYS2d 596]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), entered January 6, 2005, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly was injured when the wooden deck chair in which she had been sitting suddenly collapsed when she attempted to get out of it. The accident occurred on the porch of the defendant's home. The plaintiff subsequently commenced this action against the defendant, alleging that the chair was in a dangerous and defective condition in that it was unstable and prone to collapse unexpectedly, and that the defendant had actual or constructive notice of this condition.

A post-accident inspection conducted by the plaintiff's expert engineer, John McManus, P.E., concluded that the chair was structurally sound, with "no evidence of any failure or excessive wear." Moreover, it is undisputed that the chair in question was not manufactured by the defendant; rather, the defendant purchased it from a vendor in Southampton in 2002, as part of a set of 12 to 14 identical deck chairs.

The defendant moved for summary judgment dismissing the complaint on the ground that she had no notice, actual or constructive, of any alleged defect with respect to the chair. In support of her motion, she tendered an affidavit stating, inter alia, that before the plaintiff's accident, she used the deck chairs on many occasions and never observed them to be dangerous or unsafe in any way, that to her knowledge no one was ever injured as a result of sitting in the chairs or by otherwise using them, and that no one ever complained about the chairs being dangerous or unsafe. Contrary to the plaintiff's contention, this evidence was sufficient to establish the defendant's prima facie entitlement to judgment as a matter of law (*see Alvarez v Pros-*

*pect Hosp.,* 68 NY2d 320 [1986]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]; *Tiano v Nick's Lobster & Seafood Rest. & Clam Bar,* 300 AD2d 469 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact as to the defendant's actual or constructive notice of the alleged defect.

Moreover, the plaintiff's reliance on the doctrine of res ipsa loquitur is misplaced. Although the defendant's lack of notice would not stand as a bar to the plaintiff's recovery if res ipsa loquitur applied (*see Parsons v State of New York,* 31 AD2d 596 [1968]; *Katz v Goldring,* 237 App Div 824 [1932]), we find that the doctrine has no application under the circumstances presented here.

For the plaintiff to rely on the doctrine of res ipsa loquitur, the accident must (1) be of a kind that ordinarily does not occur in the absence of negligence, (2) be caused by an agency or instrumentality within the exclusive control of the defendant, and (3) not have been due to any voluntary action or contribution on the part of the plaintiff (*see Kambat v St. Francis Hosp.,* 89 NY2d 489, 494 [1997]). Where, for instance, the legs of a chair suddenly become separated from the seat, causing the chair to collapse (*see Finocchio v Crest Hollow Club at Woodbury,* 184 AD2d 491 [1992]), or the slat of a gangplank inexplicably breaks, causing a person to fall through (*see Parsons v State of New York, supra*), the first requirement for the application of the doctrine is met because the accident is not of a type that would ordinarily occur in the absence of negligence in the maintenance or control of the chair or gangplank. In such a case, a jury might well be permitted to infer, from the mere happening of the accident, that it was proximately caused by the landowner's negligence. The landowner, in turn, may defeat such inference by establishing that the accident was proximately caused by some defect in the instrument which he or she did not create and of which he or she had neither actual nor constructive notice (*see Parsons v State of New York, supra*).

By contrast, there is nothing in this record that could permit a jury to infer, from the mere happening of the accident, that it was due to any negligence on the part of the defendant. Indeed, the accident was not caused by a break or failure in the chair. The plaintiff's own expert concluded that the chair, after the accident, was structurally sound and showed no sign of failure or excessive wear. While it is conceivable that the chair may have been defectively manufactured or designed, any such defect would not have been created by the defendant, who merely purchased the chair from a vendor. Thus, under the circumstances of this case, in order to recover damages based on

negligence against the defendant, the plaintiff was required to raise a triable issue of fact as to the defendant's actual or constructive notice of the allegedly defective condition of the chair (*see Zalko v Sunrise Adult Health Care Ctr.,* 7 AD3d 616 [2004]), and could not circumvent the notice requirement by relying on res ipsa loquitur (*cf. Ventola v State of New York ,* 38 Misc 2d 321 [1963], *affd* 21 AD2d 964 [1964]).

Accordingly, the motion should have been granted and the complaint dismissed. The plaintiff's remaining contention is not properly before this Court. Krausman, J.P., Mastro, Fisher and Covello, JJ., concur.