■ Luz Arrufat, Appellant, v City of New York et al., Respondents. [846 NYS2d 290]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), entered July 20, 2006, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell down several stairs at a school owned by the defendant City of New York and managed by the defendant Temco Service Industries, Inc. (hereinafter collectively the defendants). The plaintiff testified that she did not see any water before the accident, but after she fell her pants were wet and she saw "dirty water" on the stairs. She subsequently commenced this action, alleging, inter alia, that the defendants were negligent in permitting the stairs to remain wet and slippery. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted their motion, finding that the defendants established that they did not have actual or constructive notice of the wet stairs, and that the plaintiff's evidence was purely speculative. There was no claim that the defendants created the condition.

The deposition testimony submitted by the defendants indicating that the stairs were checked regularly throughout the day and that no complaints had been received established, prima facie, that they did not have actual or constructive notice of the alleged hazard (see Grant v Radamar Meat, 294 AD2d 398 [2002]). In response, the plaintiff's evidence was not specific enough to raise any triable issues of fact as to whether the defendants had or should have had notice of the particular wetness that allegedly caused the plaintiff to fall (see Stumacher v Waldbaum, Inc., 274 AD2d 572 [2000]). Rather, it merely established a general awareness that the floors may have been wet (see Piacquadio v Recine Realty Corp., 84 NY2d 967, 969 [1994]; Gonzalez v Jenel Mgt. Corp., 11 AD3d 656 [2004]). Further, the plaintiff failed to show by specific factual references that the defendants had knowledge of a specific recurring condition. The evidence proffered only referred to the condition of wet stairs in very general terms (see Green v City of New York, 34 AD3d 528 [2006]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Miller, J.P., Ritter, Santucci and Balkin, JJ., concur.