■ WILFORD PINKNEY, JR., Individually and as Limited Administrator of the Estate of TAMMI TERRELL, Deceased, and as Parent and Natural Guardian of KAYLAH MARIAH PINKNEY, et al., Appellants, v CITY OF NEW YORK et al., Respondents. [860 NYS2d 22]—

Orders, Supreme Court, Bronx County (Janice L. Bowman, J.), entered May 3, 2007, which dismissed the complaint, unanimously affirmed, without costs.

In this wrongful death action, the court properly found the City not liable on the basis of respondeat superior inasmuch as defendant Williams was not acting within the scope of his employment as a police officer when he visited the decedent, a fellow police officer, at her apartment for personal reasons and spent the night with her as he had done numerous times before,

and she used his off-duty weapon to commit suicide (*see Joseph v City of Buffalo*, 83 NY2d 141, 146 [1994]; *Maginniss v City of New York*, 216 AD2d 134 [1995], *lv denied* 87 NY2d 943 [1996]). Nor was the City liable for negligent hiring, retention, training or supervision, given the absence of evidence that it knew or should have known of any propensity by Williams to safeguard his firearm in a negligent manner (*Coffey v City of New York*, 49 AD3d 449 [2008]; *see also Naegele v Archdiocese of N.Y.*, 39 AD3d 270 [2007], *lv denied* 9 NY3d 803 [2007]).

Nor did plaintiffs establish any failure by the City in properly training its police officers, which might amount to deliberate indifference to the constitutional rights of others under 42 USC § 1983 (*see Canton v Harris*, 489 US 378 [1989]).

With respect to the officer's personal liability, even if plaintiffs could show it was negligent for him to leave his unloaded weapon in the room, they failed to produce a scintilla of evidence in the record to suggest he should have anticipated the decedent would take her own life (*see McGuire v Triborough Bridge & Tunnel Auth.*, 305 AD2d 322, 323 [2003], *lv denied* 1 NY3d 510 [2004]). Concur—Tom, J.P., Friedman, Nardelli, Buckley and Renwick, JJ.