■ SARA WARTSKI, Respondent, v C.W. POST CAMPUS OF LONG ISLAND UNIVERSITY, Appellant. [882 NYS2d 192]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Hart, J.), entered January 18, 2008, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff alleges she was injured when she slipped and fell on water and icy snow from a prior storm that was tracked onto the stairs connecting the first floor and the basement in a building owned by the defendant.

The defendant established its entitlement to judgment as a matter of law by submitting evidence sufficient to demonstrate, prima facie, that it did not create the alleged defect or have actual or constructive notice thereof (*see Arrufat v City of New York*, 45 AD3d 710 [2007]; *Andujar v Benenson Inv. Co.*, 299 AD2d 503 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant had actual notice of a recurring dangerous condition such that it could be charged with constructive notice of each specific recurrence of that condition (*see Erikson v J.I.B. Realty Corp.*, 12 AD3d 344, 346 [2004]; *Weisenthal v Pickman*, 153 AD2d 849, 851 [1989]). Here, at most, the evidence submitted by the plaintiff established that the defendant had only a general awareness that the stairs became wet when ice and snow was tracked into the building, which was insufficient to establish constructive notice of the particular condition which caused the plaintiff to fall (*see Arrufat v City of New York*, 45 AD3d 710 [2007]; *Curtis v Dayton Beach Park No. 1 Corp.*, 23 AD3d 511 [2005]; *Gonzalez v Jenel Mgt. Corp.*, 11 AD3d 656 [2004]; *Andujar v Benenson Inv. Co.*, 299 AD2d at 504; *Yearwood v Cushman & Wakefield*, 294 AD2d 568, 569 [2002]).

The plaintiff's expert affidavit should not have been considered in determining the motion since the expert was not identified by the plaintiff until after the note of issue and certificate of readiness were filed attesting to the completion of discovery, and the plaintiff offered no valid excuse for her delay in identifying the expert (*see* CPLR 3101 [d] [1]; *Construction by Singletree, Inc. v Lowe*, 55 AD3d 861, 863 [2008]; *Gerry v Commack Union Free School Dist.*, 52 AD3d 467, 469 [2008]; *Gralnik v Brighton Beach Assoc.*, 3 AD3d 518 [2004]; *Dawson v Cafiero*, 292 AD2d 488 [2002]). In any event, even if the plaintiff's expert affidavit could have properly been considered, the result would not have been different.

In light of our determination we need not reach the plaintiff's remaining contention. Santucci, J.P., Dickerson, Belen and Chambers, JJ., concur.