█ RICHARD GERARDI, Respondent, v VERIZON NEW YORK, INC., et al. Appellants. [888 NYS2d 136]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Balter, J.), dated January 28, 2009, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff's decedent allegedly was injured on June 2, 2004, when he stumbled and fell because of a defect in a public sidewalk near a pay telephone, which had been installed in 1976 by New York Telephone Company, the corporate predecessor of the defendant Verizon New York, Inc. After issue was joined, the defendants moved for summary judgment dismissing the complaint.

The defendants met their initial burden establishing their entitlement to judgment as a matter of law by demonstrating that they did not own, maintain, operate, or control the public sidewalks, and had no duty to exercise reasonable care with respect to the area where the plaintiff's decedent fell (*see* Administrative Code of City of NY § 7-201; *Arpi v New York City Tr. Auth.*, 42 AD3d 478, 479 [2007]). Moreover, there was no evidence that the defendants created the alleged defect or that they benefitted from that portion of the sidewalk in a manner different from that of the general population so as to impute liability upon them based upon a theory of special use (*see Gasis v City of New York*, 35 AD3d 533, 534 [2006]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see* CPLR 3212 [b]) as to whether the defendants bore any liability for the occurrence. The plaintiff's expert affidavit should not have been considered in determining the motion since the expert was not identified by the plaintiff until after the note of issue and certificate of readiness were filed attesting to the completion of discovery (*see Construction by Construction by Singletree, Inc. v Lowe*, 55 AD3d 861, 863 [2008]), and the plaintiff offered no valid excuse for his delay in identifying his expert (*see* CPLR 3101 [d] [1]; *Wartski v C.W. Post Campus of Long Is. Univ.*, 63 AD3d 916, 917 [2009]). In any event, even if the plaintiff's expert affidavit could have properly been considered, the result would not have been different (*see Wartski v C.W. Post Campus of Long Is. Univ.*, 63 AD3d 916 [2009]). The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Fisher, J.P., Covello, Dickerson and Lott, JJ., concur.