■ TYSHON VAILES, Appellants, v NASSAU COUNTY POLICE ACTIVITY LEAGUE, INC., ROOSEVELT UNIT, Respondent. [898 NYS2d 856]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Phelan, J.), entered April 22, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

We agree with the defendant that the Supreme Court providently exercised its discretion in declining to consider the affidavit of the plaintiffs' purported expert, since that expert was not identified by the plaintiffs until after the note of issue and certificate of readiness had been filed attesting to the completion of discovery (*see Gerardi v Verizon N.Y., Inc.*, 66 AD3d 960, 961 [2009]). Nonetheless, even without considering that affidavit, in response to the defendant's prima facie showing of its entitlement to judgment as a matter of law based upon its defense that the infant plaintiff assumed the risk of his injury (*see Morgan v State of New York*, 90 NY2d 471 [1997]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]), the plaintiffs raised triable issues of fact as to whether the defendant unreasonably increased the risk of injury to him (*see Karr v Brant Lake Camp*, 261 AD2d 342 [1999]; *Mauner v Feinstein*, 213 AD2d 383 [1995]; *see also Egan ex rel. Egan v Clark*, 2005 WL 1415720, 2005 US Dist LEXIS 45467 [SD NY 2005] [applying New York law]).

The defendant's remaining contentions are without merit. Mastro, J.P., Miller, Austin and Roman, JJ., concur.