■ JORDAN EHRENBERG, an Infant, by His Mother and Natural Guardian, CORINA EHRENBERG, et al., Respondents, v STARBUCKS COFFEE COMPANY, Appellant-Respondent, and ALLEN BRAFMAN et al., Respondents-Appellants. [918 NYS2d 556]—

The infant plaintiff allegedly sustained injuries when a cup of hot tea spilled on him at premises leased by the defendant Starbucks Coffee Company (hereinafter Starbucks) from the owners, Allen Brafman and Edith Brafman (hereinafter together the Brafmans). Immediately prior to the accident, the infant plaintiff's nanny allegedly was wheeling him in a stroller up a ramp with her right hand, and balancing the cup of tea on a plate with her left hand. The plaintiffs commenced this action against Starbucks and the Brafmans, alleging that the accident was caused by a dangerous and defective condition on the premises. The Brafmans moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that they were out-of-possession landlords who owed no duty of care to the plaintiffs, and Starbucks cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion and the cross motion. We reverse.

Starbucks established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiffs were unable to identify a dangerous or defective condition actually causing the accident (*see Mitthauer v T. Moriarty & Son, Inc.*, 69 AD3d 588 [2010]; *Birman v Birman*, 8 AD3d 219 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Since the affidavit of the plaintiff's nanny was insufficient to raise a triable issue of fact as to whether the ramp upon which the she allegedly wheeled the stroller was negligently designed, installed, or maintained, we need not address Starbucks' contention that the Supreme Court, in denying its cross motion for summary judgment, erred in considering that affidavit because the nanny's identity was not properly disclosed by the plaintiffs in their responses to the defendants' demands for disclosure or a preliminary conference order (*see Williams v ATA Hous. Corp.*, 19 AD3d 406, 407 [2005]). However, the affidavit of the plaintiffs' expert, which the plaintiffs also submitted in opposition to the cross motion, should not have been considered by the Supreme Court, since that expert witness was not identified by the plaintiffs until after the note of issue and certificate of

readiness were filed, attesting to the completion of discovery, and the plaintiffs offered no valid excuse for the delay (*see Gerardi v Verizon N.Y., Inc.*, 66 AD3d 960, 961 [2009]; *Wartski v C.W. Post Campus of Long Is. Univ.*, 63 AD3d 916, 917 [2009]; *Ortega v New York City Tr. Auth.*, 262 AD2d 470 [1999]). Accordingly, the Supreme Court should have granted Starbucks' cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

The Brafmans moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, albeit on a different ground than that relied upon by Starbucks, namely, that they were out-of-possession landlords who owed no duty of care to the plaintiffs. However, this Court has the authority to search the record and award summary judgment to a party with respect to an issue that was the subject of another party's summary judgment motion. Therefore, upon searching the record, we award summary judgment to the Brafmans dismissing the complaint and all cross claims insofar as asserted against them on the ground that the plaintiffs could not identify any act or omission attributable to the Brafmans as the cause the accident. Dillon, J.P., Dickerson, Hall and Roman, JJ., concur.