RICHARD SANTIAGO, Appellant, v C&S WHOLESALE GROCERS INCORPORATED, Defendant/Third-Party Plaintiff-Respondent. NORTH JERSEY TRAILER AND TRUCK SERVICE, INC., Third-Party Defendant. [920 NYS2d 695]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated January 15, 2010, as granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs to the defendant/third-party plaintiff-respondent.

The defendant C&S Wholesale Grocers Incorporated (hereinafter C&S) made a prima facie showing of its entitlement to judgment as a matter of law dismissing the complaint. It established that it neither created nor had actual or constructive notice of an allegedly defective trailer door strap (*see Fontana v R.H.C. Dev., LLC*, 69 AD3d 561, 562 [2010]; *DeCarlo v Village of Dobbs Ferry*, 36 AD3d 749, 750 [2007]; *Levinstim v Parker*, 27 AD3d 698, 699 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact.

Furthermore, the Supreme Court did not improvidently exercise its discretion in refusing to consider the plaintiff's expert's affidavit, since the identity of the expert was not timely disclosed by the plaintiff and the plaintiff offered no excuse for his delay in identifying his expert (*see* CPLR 3101 [d] [1]; *Gerardi v Verizon N.Y., Inc.*, 66 AD3d 960, 961 [2009]; *Wartski v C.W. Post Campus of Long Is. Univ.*, 63 AD3d 916, 917 [2009]). In any event, even if the plaintiff's expert affidavit could have properly been considered, the result would not have been different (*see Gerardi v Verizon N.Y., Inc.*, 66 AD3d at 961; *Wartski v C.W. Post Campus of Long Is. Univ.*, 63 AD3d at 917).

Accordingly, the Supreme Court properly granted C&S's cross motion for summary judgment dismissing the complaint. Rivera, J.P., Chambers, Hall and Lott, JJ., concur.