■ ARLENE STOLARSKI et al., Respondents, v DONALD DE-SIMONE et al., Appellants. (And a Third-Party Action.) [922 NYS2d 151]—

In an action to recover damages for wrongful death and conscious pain and suffering, etc., (1) the defendant Family Services of Westchester, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered January 4, 2010, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, and (2) the defendant Donald DeSimone appeals, as limited by his brief, from so much of an order of the same court entered January 5, 2010, as denied his separate motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order entered January 4, 2010, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered January 5, 2010, is reversed insofar as appealed from, on the law, and the motion of the defendant Donald DeSimone for summary judgment dismissing the complaint insofar as asserted him is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant Donald DeSimone, payable by the plaintiffs, and one bill of costs is awarded to the plaintiffs, payable by the defendant Family Services of Westchester, Inc.

On October 15, 2005, Erin Stolarski (hereinafter the decedent) who, since 2004 had shared an apartment with her then-boyfriend, the defendant Donald DeSimone, took an overdose of prescription medication in an apparent suicide attempt. DeSimone, a police officer with the police department of the Village of Port Chester, testified at his deposition that he had ended his relationship with the decedent in September 2005, and that several hours prior to the decedent's apparent suicide attempt, he had directed her to move out of the apartment. As a result of the suicide attempt, the decedent was hospitalized at Greenwich Hospital (hereinafter the hospital). After the decedent was discharged from the hospital on October 17, 2005, she moved in with her parents, and was referred to the defendant Family Services of Westchester, Inc. (hereinafter Family Services).

After two consultations with a social worker at Family Ser-

vices, on October 28, 2005, the decedent returned to DeSimone's apartment, and shot herself in the head with his .45-caliber pistol. Thereafter, the decedent's parents commenced this action against DeSimone and Family Services to recover damages for wrongful death and conscious pain and suffering. The Supreme Court subsequently denied DeSimone's motion and that branch of the separate motion of Family Services which was for summary judgment dismissing the complaint insofar as asserted against each of them.

"Under certain circumstances, a tortfeasor may be held liable for the suicide of a person that is the result of the tortfeasor's negligent conduct, provided the suicide is a foreseeable consequence of the tortfeasor's acts" (*Watkins v Labiak*, 282 AD2d 601, 602 [2001]; *see Fuller v Preis*, 35 NY2d 425, 429 [1974]; *D'Addezio v Agway Petroleum Corp.*, 186 AD2d 929, 931 [1992]). Here, DeSimone established his prima facie entitlement to judgment as a matter of law by submitting, among other things, his deposition testimony and affidavit and the plaintiffs' deposition testimony, which demonstrated that DeSimone and the decedent were no longer living together, nor involved in a relationship at the time the decedent entered DeSimone's apartment and shot herself with DeSimone's pistol. Thus, DeSimone established that the decedent's suicide was not a foreseeable consequence of his alleged negligence (*see Pinkney v City of New York*, 52 AD3d 242, 243 [2008]; *Watkins v Labiak*, 282 AD2d at 602; *Van Valkenburgh v Robinson*, 225 AD2d 839, 841 [1996]). Moreover, DeSimone made a prima facie showing that he did not violate the Westchester County Gun Safety Act (Westchester County Code § 527.01 *et seq.*), by submitting his deposition testimony and affidavit, which established that he had engaged the safety mechanism on his pistol. In opposition to DeSimone's prima facie showing, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted DeSimone's motion for summary judgment dismissing the complaint insofar as asserted him.

However, the Supreme Court properly denied that branch of the separate motion of Family Services which was for summary judgment dismissing the complaint insofar as asserted against it, as Family Services failed to establish its prima facie entitlement to such relief. In this regard, the Supreme Court properly declined to consider the expert affidavits proffered by Family Services in support of its motion. The experts were not identified by Family Services until after the note of issue and certificate of readiness were filed attesting to the completion of discovery, and Family Services offered no valid excuse for the

delay (*see Gerardi v Verizon N.Y., Inc.*, 66 AD3d 960, 961 [2009]; *Wartski v C.W. Post Campus of Long Is. Univ.*, 63 AD3d 916, 917 [2009]). Accordingly, since Family Services failed to establish its prima facie entitlement to judgment as a matter of law, that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it was properly denied, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Covello, J.P., Lott, Roman and Miller, JJ., concur.