██  KEITH A. KOPELOFF, Appellant, v ARCTIC CAT, INC., Respondent. [923 NYS2d 168]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated May 10, 2010, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

In 2004 the plaintiff allegedly was injured when the snowmobile he was driving turned over and threw him off. In 2006 the plaintiff commenced this action against the defendant, which manufactured the snowmobile, alleging that an overcentered sway bar arm caused his accident. The note of issue and certificate of readiness were filed on or about April 22, 2009. In August 2009 the defendant moved for summary judgment dismissing the complaint. In opposition, the plaintiff submitted, inter alia, an affidavit by an expert whom he had not previously identified to the defendant. The Supreme Court granted the defendant's motion for summary judgment.

The defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence which demonstrated that the plaintiff's accident was not caused by an overcentered sway arm bar, and that the defendant was not otherwise liable to the plaintiff. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant bore any liability for the accident (*see* CPLR 3212 [b]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in rejecting as untimely the expert affidavit he submitted in opposition to the motion for

summary judgment (*see* CPLR 3101 [d]). The plaintiff did not provide any excuse for failing to identify the expert in response to the plaintiff's discovery demands. Indeed, the defendant was unaware of the expert until the defendant was served with the expert's affidavit in response to its summary judgment motion, even though the record discloses that the expert had been retained by the plaintiff approximately 18 months earlier. Under such circumstances, the Supreme Court properly declined to consider the affidavit (*see Vailes v Nassau County Police Activity League, Inc., Roosevelt Unit*, 72 AD3d 804, 805 [2010]; *Yax v Development Team, Inc.*, 67 AD3d 1003, 1004 [2009]; *Gerardi v Verizon N.Y., Inc.*, 66 AD3d 960 [2009]; *cf. Saldivar v I.J. White Corp.*, 46 AD3d 660, 661 [2007]; *Hernandez-Vega v Zwanger-Pesiri Radiology Group*, 39 AD3d 710, 711 [2007]; *cf. also Browne v Smith*, 65 AD3d 996 [2009]; *Howard v Kennedy*, 60 AD3d 905, 906 [2009]). In any event, even if the affidavit of the plaintiff's expert could have properly been considered, the result would not have been different, inasmuch as the Supreme Court correctly concluded that it was speculative, conclusory, and partially based on evidence which is not in the record (*see Micciola v Sacchi*, 36 AD3d 869, 871 [2007]; *Guarino v La Shellda Maintenance Corp.*, 252 AD2d 514, 515 [1998]; *see also Wartski v C.W. Post Campus of Long Is. Univ.*, 63 AD3d 916, 917 [2009]).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Skelos, Sgroi and Miller, JJ., concur.