██ RONALD J. DOUGHERTY, Appellant, v JAMES P. O'CONNOR, Respondent, et al., Defendant. [926 NYS2d 635]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an amended order of the Supreme Court, Suffolk County (Spinner, J.), dated April 19, 2010, as, upon granting leave to reargue, adhered to the original determination in an order dated September 16, 2009, granting the motion of the defendant James P. O'Connor for summary judgment dismissing the complaint insofar as asserted against that defendant.

Ordered that the amended order dated April 19, 2010, is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured while removing gutters from a house owned by the defendant James P. O'Connor (hereinafter the defendant). While standing on a ladder owned by the defendant, the plaintiff allegedly was attacked by a swarm of bees, and fell from the ladder while attempting to swat the bees away. The plaintiff commenced this action alleging causes of action sounding in common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6).

The defendant made a prima facie showing of his entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Labor Law § 240 (1) and § 241 (6) insofar as asserted against him by demonstrating that the subject work was performed at a one-family dwelling, and that he did not direct or control the work (*see Castellanos v United Cerebral Palsy Assn. of Greater Suffolk, Inc.*, 77 AD3d 879, 880 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, upon reargument, the Supreme Court properly adhered to its prior determination granting those branches of the defendant's motion which were for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) causes of action insofar as asserted against him.

Furthermore, the Supreme Court properly adhered to its prior determination granting those branches of the defendant's motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against him. The defendant established, prima facie, that he did not create or have actual or constructive notice of a dangerous or defective condition with respect to the ladder he provided to the plaintiff (*see Chowdhury v Rodriguez*, 57 AD3d 121, 123 [2008]), or a dangerous condition with respect to the

bees that were on the property (*see Murray v South End Improvement Corp.*, 263 AD2d 577, 578 [1999]; *Febesh v Elcejay Inn Corp.*, 157 AD2d 102, 105 [1990]). In opposition, the plaintiff failed to raise a triable issue of fact. Prudenti, P.J., Eng, Hall and Lott, JJ., concur.