■ PAUL SAMA, Respondent, v CELESTE SAMA, Appellant. [939 NYS2d 113]—

The plaintiff allegedly sustained injuries while pruning tree branches at the house of his mother, the defendant herein. The plaintiff alleges that he was standing on a ladder when the ladder hinges broke apart and caused the ladder to collapse to the ground. The plaintiff commenced the instant action asserting a single cause of action to recover damages for negligence. Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, concluding that the defendant failed to meet her prima facie burden. The defendant appeals, and we reverse.

In cases alleging an injury caused by a defective condition, the plaintiff must show that the landowner either created the defective condition, or had actual or constructive notice of the defect (see Dougherty v O'Connor, 85 AD3d 1090 [2011]; Santiago v C&S Wholesale Grocers Inc., 83 AD3d 814 [2011]; Levinstim v Parker, 27 AD3d 698 [2006]; see also Navarro v City of New York, 75 AD3d 590 [2010]; Chowdhury v Rodriguez, 57 AD3d 121, 131-132 [2008]). Here, in support of her motion, the defendant submitted the deposition testimony of both parties, which established that she neither created the condition that allegedly caused the plaintiff to fall, nor had actual or constructive notice of such condition prior to the occurrence in question. In opposition to the defendant's demonstration of her prima facie entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Dillon, J.P., Lott, Roman and Cohen, JJ., concur.