■ ROBERT LOMBARDI, Appellant, v ALPINE OVERHEAD DOORS, INC., Defendant/Third-Party Plaintiff-Respondent, et al., Third-Party Defendant. [939 NYS2d 528]—

The plaintiff allegedly was injured while working as a laborer in the construction of the 100th Street bus depot in Manhattan. As the plaintiff was attempting to lift a roll-up door with his hands, it rapidly descended and caused him to fall onto his back. At the time of the occurrence, the plaintiff was employed by nonparty Perini Corp. (hereinafter Perini), the general contractor on the project. Perini subcontracted the installation of roll-up doors at the bus depot to the defendant third-party plaintiff (hereinafter the defendant), and the defendant subcontracted the installation of the subject roll-up door to the third-party defendant.

"As a general rule, a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts" (*Langner v Primary Home Care Servs., Inc.*, 83 AD3d 1007, 1009 [2011] [internal quotation marks omitted]; *see Kleeman v Rheingold*, 81 NY2d 270, 273-274 [1993]; *Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992]). "Whether an actor is an independent contractor or an employee for the purposes of tort liability is usually a factual issue for the jury. However, where there is no conflict in the evidence, the question may properly be determined as a matter of law" (*Langner v Primary Home Care Servs., Inc.*, 83 AD3d at 1009 [internal quotation marks omitted]).

Here, the defendant demonstrated its prima facie entitlement to judgment as a matter of law by submitting evidence that the third-party defendant was an independent contractor for whose alleged negligence it could not be held liable (*see Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d at 668).

In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, the Supreme Court properly declined to consider his expert affidavit submitted in

opposition to the defendant's motion. The expert was not identified by the plaintiff until after the note of issue and certificate of readiness were filed attesting to the completion of discovery, and the plaintiff did not provide any excuse for failing to identify the expert in response to the defendant's discovery demands (*see* CPLR 3101 [d]; *Kopeloff v Arctic Cat, Inc.*, 84 AD3d 890, 890-891 [2011]; *Ehrenberg v Starbucks Coffee Co.*, 82 AD3d 829, 830-831 [2011]; *Gerardi v Verizon N.Y., Inc.*, 66 AD3d 960, 961 [2009]).

In light of our determination, we need not reach the defendant's remaining contention. Dillon, J.P., Florio, Chambers and Lott, JJ., concur.