■ DAVID ARREDONDO, Respondent, v ROBERT VALENTE et al, Appellants. [942 NYS2d 189]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens

County (Strauss, J.), dated April 12, 2011, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff was hired to perform auto body repair work on a vehicle owned by the defendant Robert Valente. On October 16, 2007, while in the garage of the defendants' home, the plaintiff was operating an acetylene torch on the trunk of the vehicle when his shirt allegedly caught fire, resulting in injuries. The plaintiff commenced this action alleging causes of action to recover damages for common-law negligence and violations of Labor Law §§ 200 and 241 (6). Specifically, the plaintiff alleged, inter alia, that the defendants had constructive notice that the acetylene torch which they provided to him was defective and that this defect was the proximate cause of his injuries. In the order appealed from, the Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. We reverse.

In cases alleging an injury caused by a defective condition, the plaintiff must show that the landowner either created the defective condition, or had actual or constructive notice of the defect (see Dougherty v O'Connor, 85 AD3d 1090 [2011]; Santiago v C&S Wholesale Grocers Inc., 83 AD3d 814 [2011]; Levinstim v Parker, 27 AD3d 698 [2006]). Moreover, "when a defendant property owner lends allegedly dangerous or defective equipment to a worker that causes injury during its use, the defendant moving for summary judgment must establish that it neither created the alleged danger or defect in the instrumentality nor had actual or constructive notice of the dangerous or defective condition" (Chowdhury v Rodriguez, 57 AD3d 121, 131-132 [2008]).

In support of their motion, the defendants submitted, among other things, the plaintiff's deposition testimony. The plaintiff testified that prior to the accident, he was holding the acetylene torch in one hand and was bending over to reach inside the trunk of the car when his shirt caught fire. The plaintiff further testified that the torch was working properly prior to the accident and that the defendants did not instruct him as to how to perform the work. The defendants established that they did not have constructive notice of the allegedly defective condition of the torch prior to the accident in question. Thus, the defendants established their entitlement to judgment as a matter of law dismissing the causes of action to recover damages for common-law negligence and a violation of Labor Law § 200. In

addition, the defendants established their entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 241 (6).

In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact. The plaintiff submitted the affidavit of an expert who visited the garage long after the accident. The plaintiff's expert alleged that a lack of adequate ventilation in the garage caused the accumulation of gas which, in turn, could have been ignited by a spark. However, there is no admissible evidence in the record describing the ventilation conditions in the garage at the time of the accident, nor was there any evidence that an ignition of accumulated gas had actually occurred. Therefore, the opinion of the plaintiff's expert was speculative and conclusory, and did not constitute proof in admissible form sufficient to raise a triable issue of fact in opposition to the defendants' motion (*see Pellechia v Partner Aviation Enters., Inc.*, 80 AD3d 740, 741 [2011]; *Gargiulo v Geiss*, 40 AD3d 811 [2007]).

Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been granted. Balkin, J.P., Leventhal, Roman and Sgroi, JJ., concur.