*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 17, 2014                    517803
_____

BONNEE PRICE-LINDEN,
                    Appellant,

           v                                    MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____

Calendar Date:   June 4, 2014

Before:   Peters, P.J., Stein, Rose, Egan Jr. and Clark, JJ.

                        _____


        Law Office of Stewart Lee Karlin, PC, New York City
(Stewart Lee Karlin of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Robert M.
Goldfarb of counsel), for respondent.

                        _____


Clark, J.

        Appeal from an order of the Court of Claims (Milano, J.),
entered January 10, 2013, which, among other things, granted
defendant's motion for summary judgment dismissing the claim.

        Claimant, a school psychologist, took a two-part licensing
examination for psychologists in 1984.  She failed part II of the
examination and, therefore, was unable to become a licensed
clinical psychologist.  Upon contacting the State Board of
Psychology in 2009, claimant allegedly was informed "that a
mistake had been made, that she had in fact passed the licensing
examination she took [in] 1984 and that as a result of her
passing the test, she would become a licensed psychologist
effective immediately."  Claimant commenced this action against
defendant, alleging breach of contract "in that the test was not

fairly graded and she was not timely advised of her passing the licensing examination," as well as breach of the duty of good faith and fair dealing inherent in every contract. Following joinder of issue, defendant moved for summary judgment dismissing the claim and claimant cross-moved for summary judgment. The Court of Claims granted defendant's motion and this appeal ensued.

We affirm. Defendant established its entitlement to summary judgment by producing an affidavit from an employee of the Department of Education averring that claimant never passed part II of the examination despite multiple attempts and that she was notified of such failure at the time. Thus, the burden shifted to claimant "to produce evidentiary proof in admissible form sufficient to raise a material issue of fact" (Mills v Chauvin, 103 AD3d 1041, 1046 [2013]). To that end, claimant submitted an affidavit admitting that she had failed part II of the examination but, for the first time, asserting that defendant had breached its contract with her by not informing her of the 1991 amendment to the licensing requirements which "invalidated" part II of the examination, thereby rendering her eligible to become a licensed psychologist.

We agree with the Court of Claims that claimant's affidavit introduced a new theory of liability for the first time in opposition to defendant's summary judgment motion "and, thus, cannot bar relief which is otherwise appropriate" (City of Binghamton v Hawk Eng'g P.C., 85 AD3d 1417, 1418 [2011], lv denied 17 NY3d 713 [2011] [internal quotation marks and citation omitted]). Nor can her self-serving affidavit, which contradicts her initial sworn claim, be used to create a triable issue of fact (see Revesz v Carey, 86 AD3d 821, 823 [2011]). In any event, claimant did not submit any evidence disputing the affidavit of the Executive Secretary for the State Board of Psychology, who explained that "[t]he [1991] amendment eliminating [p]art II of the examination merely changed the requirements for licensure [and] did not change any test grades or invalidate any previous examination grades." That is, claimant submitted no evidence to create a question of fact regarding her claim that a mistake was made when her examination was graded in 1984. Inasmuch as claimant failed to raise a

triable issue of fact, the Court of Claims properly granted defendant's motion for summary judgment.

Peters, P.J., Stein, Rose and Egan Jr., JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court