■ THOMAS H. CHRISTOPHEL, Individually and as Administrator of the Estate of JANET Y. CHRISTOPHEL, Deceased, Respondent, v NEW YORK-PRESBYTERIAN HOSPITAL/WEILL MEDICAL COLLEGE OF CORNELL UNIVERSITY ANESTHESIOLOGY RESIDENCY TRAINING PROGRAM et al., Defendants, and MEDICAL SOCIETY OF THE STATE OF NEW YORK COMMITTEE FOR PHYSICIAN HEALTH, Appellant. [2 NYS3d 350]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered December 9, 2014, which, to the extent appealed from as limited by the briefs, denied defendant Medical Society of the State of New York Committee For Physician Health's

(CPH) motion to dismiss the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed as against CPH. The Clerk is directed to enter judgment accordingly.

In this action alleging negligence, medical malpractice and wrongful death against CPH, a physician's advocacy group from which plaintiff's decedent sought help in February 2011, for a drug addiction, the complaint alleges that CPH's failure to turn over a medical report from a psychiatrist who performed an independent medical examination that would have alerted the other defendants to decedent's risk for relapse into substance abuse was a proximate cause of her death, a suicide from a drug overdose in May 2011. The complaint should have been dismissed as against CPH. CPH owed no duty to turn over the report since the medical records were confidential (*see Matter of Commissioner of Social Servs. of City of N.Y. v David R. S.*, 55 NY2d 588, 592-593 [1982]; *Cartier v Long Is. Coll. Hosp.*, 111 AD2d 894, 895 [2d Dept 1985]). Moreover, there is no evidence indicating that decedent was suicidal or that CPH should somehow have anticipated that she was (*see Cygan v City of New York*, 165 AD2d 58, 68 [1st Dept 1991], *lv denied* 78 NY2d 855 [1991]; *McGuire v Triborough Bridge & Tunnel Auth.*, 305 AD2d 322, 323 [1st Dept 2003], *lv denied* 1 NY3d 510 [2004]; *cf. Huntley v State of New York*, 62 NY2d 134 [1984] [psychiatric hospital liable where patient communicated specific suicide plan to hospital staff member who failed to transmit information to staff psychiatrist]). In any event, even assuming the existence of such a duty, upon receipt of the report, CPH alerted the other defendants as to the potential for relapse and requested that they serve as decedent's monitor and therapist.

Additionally, we note that CPH does not practice medicine. It is a committee of the Medical Society of the State of New York, a membership society that offers a program to assist physicians who suffer from drug or alcohol abuse and that provides assistance, in the form of referrals and recommendations for treatment, but it does not provide any medical treatment. Concur—Andrias, J.P., Saxe, DeGrasse and Richter, JJ.