*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 18, 2015                    519822
_____

DOROTHY ANN STEIN,
    Individually and as
    Executor of the Estate of
    GEORGE H. STEIN, Deceased,
                        Appellant,

        v
                                        MEMORANDUM AND ORDER

KENDAL AT ITHACA,
                        Defendant,
        and

JACOB W. SKEZAS et al.,
                        Respondents.
_____


Calendar Date:  April 28, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Rose, JJ.

                        _____


        Wiggins & Paulino Law Office, Ithaca (Alessandra DeBlasio,
New York City, of counsel), for appellant.

        Smith, Sovik, Kendrick & Sugnet, PC, Syracuse (Anthony R.
Brighton of counsel), for respondents.

                        _____


McCarthy, J.

        Appeal from an order of the Supreme Court (Mulvey, J.),
entered December 2, 2013 in Tompkins County, which granted a
motion by defendants Jacob W. Skezas and Guthrie Clinic, Ltd. for
summary judgment dismissing the amended complaint against them.

        Plaintiff commenced this action alleging that the negligent
medical care of defendant Jacob W. Skezas and defendant Guthrie

Clinic Ltd. — Skezas' employer — caused George H. Stein (hereinafter decedent) to commit suicide. Skezas and Guthrie (hereinafter collectively referred to as defendants) thereafter moved for summary judgment dismissing the complaint against them. Supreme Court granted defendants' motion. Plaintiff now appeals and we affirm.

Skezas, a physician who specialized in internal medicine, provided outpatient general medical care to decedent for an approximately seven-month period. During the course of that treatment, decedent made increasing complaints regarding abdominal pain. At their final appointment, Skezas informed decedent of a possibility that decedent had gallbladder carcinoma that, if left untreated, would be fatal in 6 to 12 months. Thereafter, decedent broached the subject of suicide. In creating a medical care plan for decedent, Skezas both prescribed additional pain medication to decedent and secured for him an appointment, to take place eight days later, with a medical specialist. Decedent left that appointment with Skezas and then committed suicide by gunshot at his home two days later, six days prior to his scheduled appointment with the specialist.

As an initial matter, plaintiff failed to properly allege and argue that Skezas is liable for decedent's suicide because Skezas failed to "contact the police to have [decedent] involuntarily committed" after decedent broached the subject of suicide. Plaintiff failed to mention the conversation regarding suicide in the bills of particulars that she provided to defendants. Accordingly, defendants were not required to disprove that unalleged theory of liability in order to be entitled to summary judgment dismissing the complaint (see CPLR 3043 [a] [3]; Price-Linden v State of New York, 119 AD3d 1192, 1192-1193 [2014]; Suits v Wyckoff Hgts. Med. Ctr., 84 AD3d 487, 489 [2011]; Hayes v Kearney, 237 AD2d 769, 770 [1997]; compare Marra v Hughes, 123 AD3d 1307, 1308 n [2014]). Further, plaintiff raises this theory of liability for the first time on appeal, rendering the argument unpreserved for our review (see Seton Health at Schuyler Ridge Residential Health Care v Dziuba, 127 AD3d 1297, 1299 n 2 [2015]; Agility Funding, LLC v Wholey, 119 AD3d 1168, 1169 [2014]).

        As to plaintiff's remaining allegations, defendants were entitled to judgment as a matter of law because decedent's suicide was not a foreseeable result of Skezas' alleged negligence in failing to properly diagnose and/or treat decedent's abdominal pain.  "An intervening act will be deemed a superseding cause and will serve to relieve [a] defendant of liability when the act is of such an extraordinary nature or so attenuates [the] defendant's negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant" (Kush v City of Buffalo, 59 NY2d 26, 33 [1983] [citations omitted]; see Carson v Dudley, 25 AD3d 983, 984 [2006]).  Applying this rule to a person's intentional act of taking his or her own life, negligent conduct can only support liability for another person's suicide under certain circumstances and where suicide is a foreseeable consequence of such conduct (see Stolarski v DeSimone, 83 AD3d 1042, 1044 [2011]; Watkins v Labiak, 282 AD2d 601, 602 [2001], lv dismissed 96 NY2d 897 [2001]; Van Valkenburgh v Robinson, 225 AD2d 839, 841 [1996]).  Here, Skezas did not practice psychiatry, decedent was not confined to Skezas' care and Skezas did not advise decedent to commit suicide.  The possibility that decedent would choose to take his own life in the absence of any actual terminal cancer diagnosis and rather than taking advantage of the second medical opinion – regarding a diagnosis and/or pain management – from the specialist that Skezas had secured for decedent is not a foreseeable consequence of the alleged negligent acts (see Stolarski v DeSimone, 83 AD3d at 1044; Pinkney v City of New York, 52 AD3d 242, 243 [2008]; Boehme v A.P.P.L.E., A Program Planned for Life Enrichment, 298 AD2d 540, 541 [2002]; Watkins v Labiak, 282 AD2d at 602; Van Valkenburgh v Robinson, 225 AD2d at 841; Darren v Safier, 207 AD2d 473, 475 [1994]; Sullivan v Welsh, 132 AD2d 945, 946 [1987], appeal dismissed 70 NY2d 796 [1987]; Wells v St. Luke's Mem. Hosp. Ctr., 129 AD2d 952, 952-953 [1987], lv denied 70 NY2d 605 [1987]).  These determinations render plaintiff's remaining contentions academic.

        Peters, P.J., Lahtinen and Rose, JJ., concur.

ORDERED that the order is affirmed, with costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court