Segal v Haverstraw Mar. Corp. (2019 NY Slip Op 07307)





Segal v Haverstraw Mar. Corp.


2019 NY Slip Op 07307


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-05578
2019-00333
 (Index No. 60126/16)

[*1]Wendy Segal, appellant, 
v
Haverstraw Marina Corporation, etc., respondent.


Sills Cummis & Gross P.C., New York, NY (James M. Hirschhorn and David F. Segal of counsel), for appellant.
Nicoletti Hornig & Sweeney, New York, NY (David R. Horning and Steven F. Smith of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated March 30, 2018, and (2) an order of the same court dated November 15, 2018. The order dated March 30, 2018, granted the defendant's motion for summary judgment dismissing the complaint. The order dated November 15, 2018, insofar as appealed from, upon reargument, adhered to the prior determination in the order dated March 30, 2018.
ORDERED that the appeal from the order dated March 30, 2018, is dismissed, as that order was superseded by the order dated November 15, 2018, made upon reargument; and it is further,
ORDERED that the order dated November 15, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff commenced this action to recover damages for injuries she allegedly sustained on June 11, 2015, while she was at the defendant's premises in Rockland County. The defendant moved for summary judgment dismissing the complaint, contending that the plaintiff did not know what had caused her injuries. The Supreme Court granted the motion. The plaintiff subsequently moved for leave to reargue her opposition to the defendant's motion. The court granted reargument and, upon reargument, adhered to its prior determination granting the defendant's motion for summary judgment dismissing the complaint. The plaintiff appeals.
We agree with the Supreme Court's determination, upon reargument, to adhere to its prior determination granting the defendant's motion for summary judgment dismissing the complaint. In a premises liability case, a plaintiff's inability to identify the cause of the accident is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (see Viviano v KeyCorp, 128 AD3d [*2]811; Buglione v Spagnoletti, 123 AD3d 867; Ehreaber v Starbucks Coffee, 82 AD3d 829, 830). Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the deposition testimony of the plaintiff, which demonstrated that the plaintiff could not identify the cause of her injuries without resorting to speculation (see Ash v City of New York, 109 AD3d 854, 855; Patrick v Costco Wholesale Corp., 77 AD3d 810, 811; Louman v Town of Greenburgh, 60 AD3d 915, 916). In opposition, the plaintiff failed to raise a triable issue of fact.
MASTRO, J.P., MALTESE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court