■ MARIE CAPONE, Respondent, v 450 LEXINGTON VENTURE, LP, et al., Defendants and Third-Party Plaintiffs-Appellants. AMERICAN BUILDING MAINTENANCE CORP., Third-Party Defendant-Appellant. [751 NYS2d 590] —In an action to recover damages for personal injuries, the defendants third-party plaintiffs and the third-party defendant separately appeal from an order of the Supreme Court, Richmond County (Maltese, J.), dated December 14, 2001, which denied their respective motions for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the motions are granted, and the complaint is dismissed.

The plaintiff allegedly was injured when she slipped and fell while exiting a bathroom in a building owned by the defendant third-party plaintiff 450 Lexington Venture, LP, and operated by several related subsidiaries which are also defendants third-party plaintiffs. The bathroom was maintained and cleaned by the third-party defendant, American Building Maintenance Corp. (hereinafter American Building). The plaintiff claimed that she slipped on water which had accumulated on the bathroom floor. The defendants third-party plaintiffs and American Building separately moved for summary judgment dismissing the complaint. The Supreme Court denied the motions, and we reverse.

The movants established their entitlement to judgment as a matter of law by relying upon the plaintiff's deposition testimony and that of someone who arrived at the scene of the

accident shortly after the accident. During her deposition, the plaintiff speculated that the presence of water on the bathroom floor caused her fall. However, she further testified that she did not see water on the floor before the accident and that she could not recall if there was water on the floor. An assistant property manager testified during his deposition that he inspected the bathroom shortly after the accident and that the floor "was dry as a bone." Thus, the movants established that the evidence was insufficient to support a finding that a dangerous or defective condition caused the plaintiff's accident (*see Brown-Phifer v Cross County Mall Multiplex,* 282 AD2d 564; *Rensing v Iceland, Inc.,* 276 AD2d 614; *Brennan v Garo Hair Design,* 272 AD2d 426; *Robinson v Lupo,* 261 AD2d 525; *Kuchman v Olympia & York, USA,* 238 AD2d 381). In opposition, the plaintiff failed to raise a triable issue of fact (*see Fargot v Pathmark Stores,* 264 AD2d 708; *Prisco v Long Is. Univ.,* 258 AD2d 451; *see generally Zuckerman v City of New York,* 49 NY2d 557).

The plaintiff's remaining contention is without merit.

In view of the foregoing, we need not reach the remaining contention of American Building. Prudenti, P.J., Florio, Friedmann and Adams, JJ., concur.