APRIL SLATTERY, Appellant, v GERALD M. O'SHEA, Respondent. [847 NYS2d 595]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated July 5, 2006, which granted the

defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On his motion, the defendant met his burden of establishing his prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), by demonstrating that the plaintiff, who was walking in the defendant's parking lot, and who allegedly slipped on ice and fell, was unable to identify the cause of her accident (*see Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 435 [2006]; *Oettinger v Amerada Hess Corp.*, 15 AD3d 638, 639 [2005]; *Garvin v Rosenberg*, 204 AD2d 388 [1994]). In response, the plaintiff failed to raise a triable issue of fact as to the cause of the accident (*see Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d at 435; *Oettinger v Amerada Hess Corp.*, 15 AD3d at 639). Moreover, even if the plaintiff had shown that she slipped on ice, the defendant demonstrated that he neither created nor had actual or constructive notice of such a condition in the parking lot (*see Voss v D&C Parking*, 299 AD2d 346, 346-347 [2002]), and the plaintiff failed to raise a triable issue of fact in this regard as well (*see Barretta v Trump Plaza Hotel & Casino*, 278 AD2d 262, 263 [2000]). Accordingly, the Supreme Court correctly granted the defendant's motion (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324).

The plaintiff's remaining contention is without merit. Schmidt, J.P., Skelos, Covello and Balkin, JJ., concur.