■ ANITA DeSANTIS, Appellant, v LESSING's, INC., Doing Business as WEST SAYVILLE COUNTRY CLUB, Respondent. [849 NYS2d 580]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered June 15, 2007, which, upon an order of the same court dated March 14, 2007, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The defendant established its prima facie entitlement to judgment as a matter of law by submitting the plaintiff's deposition testimony, in which she was unable to explain what caused her to trip and fall (*see Curran v Esposito,* 308 AD2d 428, 429 [2003]; *Hartman v Mountain Val. Brew. Pub,* 301 AD2d 570 [2003]). The evidence which the plaintiff submitted in opposition to the motion for summary judgment, consisting primarily of an affidavit prepared by her expert, William Marletta, Ph.D.,

failed to raise a triable issue of fact (*see* CPLR 3212 [b]). New York State Uniform Fire Prevention and Building Code § 765.4 (a) (7) (*see* 19 NYCRR 1221.1), the provision upon which Dr. Marletta relied, explicitly governs exit stairways and thus does not apply to the door saddle in question here, which separated two interior rooms at the defendant's facility (*see Griffin v High Fives Rest.*, 271 AD2d 646, 646-647 [2000]; *cf. Chaehee Jung v Kum Gang, Inc.*, 22 AD3d 441, 442-443 [2005]).

The plaintiff's remaining contentions are without merit. Miller, J.P., Crane, Dillon and Balkin, JJ., concur.