■ DAVID J. HUNT et al., Respondents, v JONATHAN J. MEYERS et al., Appellants. [879 NYS2d 725]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Whelan, J.), dated June 20, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The injured plaintiff allegedly fell on the defendants' premises. The injured plaintiff and his wife, derivatively, commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending, inter alia, that the injured plaintiff could not identify the cause of his fall. The Supreme Court denied the motion. We reverse.

The defendants established their entitlement to judgment as a matter of law by submitting, inter alia, the deposition testimony of the injured plaintiff, in which he stated that he did not know what had caused him to fall (*see Reiff v Beechwood Browns Rd. Bldg. Corp.,* 54 AD3d 1015 [2008]; *Kletke v GOS Corp.,* 51 AD3d 875 [2008]; *DeSantis v Lessing's, Inc.,* 46 AD3d 742 [2007]; *Manning v 6638 18th Ave. Realty Corp.,* 28 AD3d 434 [2006]; *Curran v Esposito,* 308 AD2d 428 [2003]; *Visconti v 110 Huntington Assoc.,* 272 AD2d 320 [2000]). In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact. The injured plaintiff's affidavit, in which he identified the causes of his accident as the presence of ice and inadequate lighting conditions in the area where he fell, presented feigned issues of fact designed to avoid the consequences

of his earlier deposition testimony, and thus was insufficient to defeat the defendants' motion (*see Hughes-Berg v Mueller,* 50 AD3d 856, 858 [2008]; *Karwowski v New York City Tr. Auth.,* 44 AD3d 826 [2007]; *Denicola v Costello,* 44 AD3d 990 [2007]; *Manning v 6638 18th Ave. Realty Corp.,* 28 AD3d 434 [2006]; *Tejada v Jonas,* 17 AD3d 448 [2005]; *Califano v Campaniello,* 243 AD2d 528 [1997]; *Garvin v Rosenberg,* 204 AD2d 388 [1994]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Florio, Balkin and Austin, JJ., concur.