■ SHERRI MILLER, Respondent, v 7-ELEVEN, Inc., Appellant. [894 NYS2d 112]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Lally, J.), entered March 13, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff testified at her deposition that she fell near an interior entrance mat of a 7-Eleven store, and fell on her left knee. The plaintiff also testified that it was raining. The plaintiff did not see any liquid on the floor either before or after the accident. The plaintiff stated that she did not know what had caused her to fall. She just noticed that the left knee area of her pants was wet after she fell. The plaintiff allegedly sustained personal injuries as a result of the subject incident, and she commenced this action against the defendant, which was the owner of the premises and franchisor of the store. The defendant moved for summary judgment dismissing the complaint, contending that it had no duty to maintain the premises, that the plaintiff did not know what had caused her to fall, and that it did not create or have actual or constructive notice of the alleged defect. The Supreme Court denied the motion, finding that the defendant failed to establish, prima facie, its status as an out-of-possession landlord. We reverse.

Here, even assuming the defendant was not an out-of-possession landlord, it nevertheless established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff did not know what had caused her to fall (*see Hunt v Meyers*, 63 AD3d 685 [2009]; *Slattery v O'Shea*, 46 AD3d 669 [2007]; *Karwowski v New York City Tr. Auth.*, 44 AD3d 826 [2007]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact.

Accordingly, the Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint.

In light of our determination, we need not reach the defendant's remaining contentions. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.