■ LOIS PATRICK, Respondent, v COSTCO WHOLESALE CORPORATION, Appellant. [909 NYS2d 543]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Markey, J.), dated September 10, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured when she slipped and fell in the defendant's store. She could not identify the reason for her fall, but concluded that she slipped on ice cream that an employee noticed on the floor a few feet away approximately 20 minutes after the accident. There were no skid or track marks where the ice cream was located and no evidence as to how long it had been on the floor. After discovery was completed, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. We reverse.

In a slip-and-fall case, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (*see Louman v*

*Town of Greenburgh*, 60 AD3d 915, 916 [2009]; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 435 [2006]; *Oettinger v Amerada Hess Corp.*, 15 AD3d 638, 639 [2005]). Here, the defendant established its prima facie entitlement to summary judgment by demonstrating that the plaintiff could not identify the cause of her fall (*see Scott v Rochdale Vil., Inc.*, 65 AD3d 621 [2009]; *Costantino v Webel*, 57 AD3d 472 [2008]; *Slattery v O'Shea*, 46 AD3d 669, 670 [2007]; *Bottiglieri v Wheeler*, 38 AD3d 818 [2007]). Given that inability, and the lack of any skid marks where the ice cream was located or evidence as to how long it had been there, any conclusion that the ice cream caused the plaintiff to fall would be based entirely on speculation (*see Slattery v O'Shea*, 46 AD3d at 670; *cf. Melnikov v 249 Brighton Corp.*, 72 AD3d 760, 761 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Hartman v Mountain Val. Brew Pub*, 301 AD2d 570 [2003]). Consequently, the defendant's motion for summary judgment dismissing the complaint should have been granted. Fisher, J.P., Dillon, Florio and Lott, JJ., concur.