■ ANGELIKA CAPASSO, Appellant, v SUSANNE CAPASSO et al., Respondents. [923 NYS2d 199]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), entered March 24, 2010, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On June 27, 2007, at approximately 10:30 A.M., the plaintiff was walking on the tile floor in the basement of the defendants' home when she fell.

In a slip-and-fall case, a plaintiff's inability to identify the cause of the fall is fatal to the action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (*see Patrick v Costco Wholesale Corp.*, 77 AD3d 810 [2010]; *see also Louman v Town of Greenburgh*, 60 AD3d 915, 916 [2009]; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 435 [2006]; *Oettinger v Amerada Hess Corp.*, 15 AD3d 638, 639 [2005]). Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting the signed statement of the plaintiff, in which she admitted that she did not know what caused her to fall on the date of the accident (*see Patrick v Costco Wholesale Corp.*, 77 AD3d at 810; *Miller v 7-Eleven, Inc.*, 70 AD3d 791 [2010]; *Hunt v Meyers*, 63 AD3d 685 [2009]; *Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015 [2008]; *Kletke v GOS Corp.*, 51 AD3d 875 [2008]; *DeSantis v Lessing's, Inc.*, 46 AD3d 742 [2007]; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434 [2006]; *Curran v Esposito*, 308 AD2d 428 [2003]; *Visconti v 110 Huntington Assoc.*, 272 AD2d 320 [2000]).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's affidavit, in which she identified the cause of her fall as possibly water in the area where she fell, presented a feigned issue of fact, designed to avoid the consequences of her earlier signed statement, and thus was insufficient to defeat the defendants' motion (*see Hunt v Meyers*, 63 AD3d at 685; *Hughes-Berg v Mueller*, 50 AD3d 856, 858 [2008]; *Karwowski v New York City Tr. Auth.*, 44 AD3d 826 [2007]; *Denicola v Costello*, 44 AD3d 990 [2007]; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d at 434; *Tejada v Jonas*, 17 AD3d 448 [2005]; *Nieves v ISS Cleaning Servs. Group*, 284 AD2d 441 [2001]; *Califano v Campaniello*, 243 AD2d 528 [1997]; *Garvin v Rosenberg*, 204 AD2d 388 [1994]). The Supreme Court correctly determined that the affidavit of the plaintiff's husband, also submitted in opposition to the defendants' motion, was not probative of the condition on the floor at the time of the subject accident (*see Patrick v Costco Wholesale Corp.*, 77 AD3d at 810; *see also Madalinski v Structure-Tone, Inc.*, 47 AD3d 687 [2008]).

The plaintiff's contention that summary judgment was granted prematurely under the facts of this case is without merit. The belief that additional discovery might reveal something helpful to her case does not provide a basis pursuant to CPLR 3212 (f) for postponing a determination of summary judgment in this case (*see Morissaint v Raemar Corp.*, 271 AD2d 586 [2000]). Covello, J.P., Eng, Chambers and Miller, JJ., concur.