■ RONALD CALIFANO, as Administrator of the Estate of ALBERT CALIFANO, Deceased, Respondent, v MAPLE LANES, Appellant. [938 NYS2d 140]—

On November 16, 2005, the decedent, the plaintiff's father, allegedly was injured when he slipped and fell at a bowling alley owned by the defendant. Prior to the plaintiff commencing this action against the defendant to recover damages for the decedent's personal injuries, the decedent passed away of natural causes in January 2008.

At his deposition, the plaintiff testified that, after receiving a phone call on the date of the accident advising him that the decedent had fallen, he arrived at the bowling alley to find the decedent on the floor near the foul line of a bowling lane. He

testified that the decedent's friend told him that the decedent had fallen because there was "some stuff on the floor." He also stated that he observed "sticky, sort of wet like . . . dried soda or something like that," which was clear in color, near the foul line. When deposed, the decedent's friend testified that, on the date of the accident, he was bowling two lanes away from where the decedent was bowling and, although he witnessed the decedent fall, he did not inspect the lane or see what caused the decedent to fall.

The defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. The defendant appeals, and we reverse.

A defendant can establish its prima facie entitlement to judgment as a matter of law by showing that the plaintiff cannot identify the cause of the accident (see McFadden v 726 Liberty Corp., 89 AD3d 1067, 1067 [2011]; Patrick v Costco Wholesale Corp., 77 AD3d 810 [2010]; Blochl v RT Long Is. Franchise, LLC, 70 AD3d 993, 993 [2010]; Miller v 7-Eleven, Inc., 70 AD3d 791, 791 [2010]; Bolde v Borgata Hotel Casino & Spa, 70 AD3d 617, 618 [2010]; Hunt v Meyers, 63 AD3d 685 [2009]; Louman v Town of Greenburgh, 60 AD3d 915, 916 [2009]; Costantino v Webel, 57 AD3d 472 [2008]; see also Capasso v Capasso, 84 AD3d 997, 998 [2011]). " '[A] plaintiff's inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the . . . injuries would be based on speculation' " (Rajwan v 109-23 Owners Corp., 82 AD3d 1199, 1200 [2011], quoting Patrick v Costco Wholesale Corp., 77 AD3d 810, 810 [2010]; see Alabre v Kings Flatland Car Care Ctr., Inc., 84 AD3d 1286, 1287 [2011]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, the deposition testimony of the plaintiff and the decedent's friend, which demonstrated that the plaintiff could not identify the cause of the decedent's fall without resorting to speculation (see McFadden v 726 Liberty Corp., 89 AD3d at 1067; Aguilar v Anthony, 80 AD3d 544, 545 [2011]; Patrick v Costco Wholesale Corp., 77 AD3d 810 [2010]; Blochl v RT Long Is. Franchise, LLC, 70 AD3d at 993; Miller v 7-Eleven, Inc., 70 AD3d at 791; Bolde v Borgata Hotel Casino & Spa, 70 AD3d at 618; Hunt v Meyers, 63 AD3d 685 [2009]; Louman v Town of Greenburgh, 60 AD3d at 916; Costantino v Webel, 57 AD3d 472 [2008]). Although the decedent's friend testified that he made a complaint with respect to stickiness near the foul line of the lane in which he was bowling to one of the defendant's employees prior to the accident, he speculated as to what, if any, complaints were made

with respect to the decedent's lane. Moreover, even if a complaint had been made about a substance on the subject bowling lane, there was no evidence in the record to establish that this is what caused the decedent, who had bowled on the lane without incident for two hours before the accident, to fall.

In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *see also Miles v County of Dutchess*, 85 AD3d 878, 878-879 [2011]; *Aguilar v Anthony*, 80 AD3d at 545; *McCord v Olympia & York Maiden Lane Co.*, 8 AD3d 634 [2004]). Where it is just as likely that some factor other than negligence by the defendant, such as a misstep or loss of balance, could have caused an accident, any determination by the trier of fact as to causation would be based upon sheer speculation (*see Alabre v Kings Flatland Car Care Ctr., Inc.*, 84 AD3d at 1287; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 435 [2006]). Contrary to the plaintiff's contention, there was no evidence connecting the alleged "sticky" condition near the foul line of the lane where the decedent was bowling with his fall (*see Miles v County of Dutchess*, 85 AD3d at 878-879; *Aguilar v Anthony*, 80 AD3d at 545).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Hall, Austin and Miller, JJ., concur.