In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated September 7, 2011, which granted the separate motions of the defendants N. Mayflower, Inc., and Ocean Travel, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them.
Ordered that the order is affirmed, with one bill of costs.
“In a slip-and-fall case, a plaintiffs inability to identify the *640 cause of the fall is fatal to the cause of action because a finding that the defendant’s negligence, if any, proximately caused the plaintiff’s injuries would be based on speculation” (Patrick v Costco Wholesale Corp., 77 AD3d 810, 810 [2010]; see Califano v Maple Lanes, 91 AD3d 896, 897 [2012]; Louman v Town of Greenburgh, 60 AD3d 915, 916 [2009]). Here, the defendants N. Mayflower, Inc. (hereinafter Mayflower), and Ocean Travel, Inc. (hereinafter Ocean), established, prima facie, their entitlement to judgment as a matter of law by submitting a transcript of the deposition testimony of the plaintiff, in which she testified that she did not know what had caused her to fall (see Califano v Maple Lanes, 91 AD3d at 897; McFadden v 726 Liberty Corp., 89 AD3d 1067 [2011]; Capasso v Capasso, 84 AD3d 997 [2011]; Rajwan v 109-23 Owners Corp., 82 AD3d 1199, 1200 [2011]; Patrick v Costco Wholesale Corp., 77 AD3d at 811; Costantino v Webel, 57 AD3d 472 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted the separate motions of Mayflower and Ocean for summary judgment dismissing the complaint insofar as asserted against each of them. Angiolillo, J.P., Dickerson, Belen and Chambers, JJ., concur.