In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Whelan, J.), dated December 14, 2011, which denied their motion, in effect, for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendants’ motion, in effect, for summary judgment dismissing the complaint is granted.
On the evening of November 12, 2008, the plaintiff allegedly was injured when he slipped and fell while walking down stairs leading to a basement apartment in a building owned by the defendants. The plaintiff commenced this action against the defendants to recover damages allegedly stemming from their negligence.
At his deposition, the plaintiff testified that he slipped and fell from the second step from the top of the stairs as he was walking down the middle of the stairs leading to the basement apartment of his fiancee’s sister while holding his two-year-old son. That evening, he had driven his fiancee and the two teenage daughters of his fiancee’s sister to the apartment, and they and his fiancee had preceded him down the stairs without incident. The plaintiff testified that the accident occurred when his right foot twisted, causing him to fall down two steps. He testified that there was nothing on the stairs as he began to walk down, that he did not see any defects, breaks, or problems with the stairs before he descended them, and that he could not ascertain at the time of the accident why he fell. Moreover, he testified that, on the three or four occasions when he had previously visited the premises, he never observed any sort of defect with the stairs. The plaintiff testified that two days after the accident occurred, he went back to the premises and determined what caused his right foot to twist, when he saw that there was loose cement located on the right corner of the fourth step from the top of the stairs. However, he also testified that he was unable to correlate the piece of cement with any of the steps leading to the apartment doorway, and when asked how he was able to determine that the loose cement on the fourth step had come from the second step, he responded that he did not know.
*652 The defendants, who both lived upstairs in the building, testified at their depositions that they did not make any repairs to the stairs and were never informed by the tenants renting the basement apartment in 2008 that the stairs needed to be repaired.
After the plaintiff filed his note of issue, the defendants moved, in effect, for summary judgment dismissing the complaint. The Supreme Court denied their motion, and the defendants appeal.
The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff could not identify the cause of his fall (see Califano v Maple Lanes, 91 AD3d 896, 897 [2012]; McFadden v 726 Liberty Corp., 89 AD3d 1067, 1067 [2011]; Patrick v Costco Wholesale Corp., 77 AD3d 810 [2010]; Blochl v RT Long Is. Franchise, LLC, 70 AD3d 993, 993 [2010]; Miller v 7-Eleven, Inc., 70 AD3d 791, 791 [2010]; Bolde v Borgata Hotel Casino & Spa, 70 AD3d 617, 618 [2010]; see also Capasso v Capasso, 84 AD3d 997, 998 [2011]). “In a slip-and-fall case, a plaintiff’s inability to identify the cause of the fall is fatal to the action because a finding that the defendant’s negligence, if any, proximately caused the plaintiffs injuries would be based on speculation” (Capasso v Capasso, 84 AD3d at 998; see Giraldo v Twins Ambulette Serv., Inc., 96 AD3d 903, 903 [2012]; McFadden v 726 Liberty Corp., 89 AD3d at 1068; Alabre v Kings Flatland Car Care Ctr., Inc., 84 AD3d 1286, 1287 [2011]; Rajwan v 109-23 Owners Corp., 82 AD3d 1199, 1200 [2011]; Aguilar v Anthony, 80 AD3d 544, 545 [2011]; Patrick v Costco Wholesale Corp., 77 AD3d at 810-811). Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a slip and fall accident, any determination by the trier of fact as to causation would be based upon sheer conjecture (see Alabre v Kings Flatland Car Care Ctr., Inc., 84 AD3d at 1287; Manning v 6638 18th Ave. Realty Corp., 28 AD3d 434, 435 [2006]).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, a transcript of the plaintiffs deposition testimony, which demonstrated that the plaintiff could not identify the cause of his fall without resorting to speculation (see Califano v Maple Lanes, 91 AD3d at 897; McFadden v 726 Liberty Corp., 89 AD3d at 1067; Aguilar v Anthony, 80 AD3d at 545). Although the plaintiff testified that he found loose cement two days after the accident, the evidence in the record did not establish that he could identify this condition as the cause of his slip and fall.
Further, the defendants established, through the plaintiffs *653 deposition testimony and their own deposition testimony, that they did not create or have actual or constructive notice of any alleged defect on the subject stairs (see Sama v Sama, 92 AD3d 862 [2012]; Santiago v C&S Wholesale Grocers Inc., 83 AD3d 814, 814 [2011]).
In opposition, the plaintiff failed to raise a triable issue of fact (see Sama v Sama, 92 AD3d 862 [2012]; Califano v Maple Lanes, 91 AD3d at 897; Santiago v C&S Wholesale Grocers Inc., 83 AD3d 814 [2011]; Aguilar v Anthony, 80 AD3d at 545). Contrary to the plaintiffs contention, the defendants’ argument that he failed to identify the cause of his fall is properly before this Court, as it was raised before the Supreme Court and the plaintiff had an opportunity to present evidence to refute this argument (see Whitehead v City of New York, 79 AD3d 858, 861 [2010]; Matter of Cohn, 46 AD3d 680, 681 [2007]).
Accordingly, the Supreme Court should have granted the defendants’ motion, in effect, for summary judgment dismissing the complaint. Mastro, J.P., Dickerson, Lott and Austin, JJ., concur.