■ ZINA DiLORENZO, Appellant, v S.I.J. REALTY Co., LLC, et al., Respondents. [981 NYS2d 590]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), entered April 27, 2012, as granted those branches of the motion of the defendant S.I.J. Realty Co., LLC, and the cross motion of

the defendant Murphy's Maids, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff allegedly was injured when she slipped and fell on the premises of the defendant S.I.J. Realty Co., LLC (hereinafter SIJ). She commenced this action against SIJ and Murphy Maids, Inc. (hereinafter Murphy), which had contracted to provide cleaning services at the premises. After discovery was completed, SIJ moved, and Murphy cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court, among other things, granted the respective branches of the motion and the cross motion, and the plaintiff appeals.

A plaintiff's inability to identify the cause of her fall is fatal to a claim of negligence in a slip-and-fall case because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (*see Deputron v A & J Tours, Inc.*, 106 AD3d 944, 945 [2013]; *Izaguirre v New York City Tr. Auth.*, 106 AD3d 878, 878 [2013]; *Racines v Lebowitz*, 105 AD3d 934, 934 [2013]; *Patrick v Costco Wholesale Corp.*, 77 AD3d 810, 810 [2010]). Here, SIJ and Murphy each demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff did not know what caused her to slip and fall (*see Izaguirre v New York City Tr. Auth.*, 106 AD3d at 879; *Mallen v Farmingdale Lanes, LLC*, 89 AD3d 996, 997 [2011]). Even viewing the evidence in the light most favorable to the plaintiff and according her the benefit of all reasonable inferences (*see Giraldo v Twins Ambulette Serv., Inc.*, 96 AD3d 903, 903 [2012]), her claim that the cause of her fall was a wet floor due to a recent cleaning rested entirely on speculation. Indeed, the plaintiff did not know when the floor had most recently been cleaned and did not know whether the floor was wet when she fell (*see Deputron v A & J Tours, Inc.*, 106 AD3d at 945; *Mallen v Farmingdale Lanes, LLC*, 89 AD3d at 997). In opposition to the prima facie showing of SIJ and Murphy, the plaintiff failed to raise a triable issue of fact (*see Deputron v A & J Tours, Inc.*, 106 AD3d at 945). Accordingly, the Supreme Court properly granted those branches of the motion and the cross motion which were for summary judgment dismissing the complaint insofar as asserted against SIJ and Murphy (*see Babitskaya v Mosvideofilm Russia, Inc.*, 98 AD3d 639, 639 [2012]).

In light of our determination, we need not address the remain-

ing contentions of SIJ and Murphy. Eng, P.J., Balkin, Sgroi and Cohen, JJ., concur.