■ LISA RODRIGUEZ, Appellant, v 1790 BROADWAY ASSOCIATES, LLC, et al., Respondents, and HSBC BANK, Defendant/Third-Party Plaintiff-Respondent. SPACE DESIGN PLUS, INC., et al., Third-Party Defendants. [996 NYS2d 304]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered October 1, 2012, as granted those branches of the motion of the defendant/third-party plaintiff, HSBC Bank, and the cross motion of the defendant 1790 Broadway Associates, LLC, which were for summary judgment dismissing the complaint insofar as asserted against each of them, and denied, as academic, her cross motion pursuant to CPLR 3126 to impose sanctions upon the defendants for spoliation of evidence.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the defendant 1790 Broadway Associates, LLC, and the defendant/third-party plaintiff, HSBC Bank, payable by the plaintiff.

The plaintiff allegedly sustained personal injuries when she fell while descending a staircase at certain premises owned by the defendant 1790 Broadway Associates, LLC (hereinafter 1790 Broadway), and leased by HSBC Bank USA, National Association, sued herein as HSBC Bank (hereinafter HSBC). She commenced the instant action against, among others, 1790 Broadway and HSBC.

HSBC moved, and 1790 Broadway cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The plaintiff cross-moved pursuant to CPLR 3126 to impose sanctions upon the defendants for spoliation of evidence. The Supreme Court granted the respective

branches of the motion and cross motion of HSBC and 1790 Broadway. It denied, as academic, the plaintiff's cross motion pursuant to CPLR 3126 to impose sanctions for spoliation of evidence.

"A plaintiff's inability to identify the cause of her fall is fatal to a claim of negligence in a slip-and-fall case because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (*DiLorenzo v S.I.J. Realty Co., LLC*, 115 AD3d 701, 702 [2014]; *see Kudrina v 82-04 Lefferts Tenants Corp.*, 110 AD3d 963, 964 [2013]; *Deputron v A & J Tours, Inc.*, 106 AD3d 944, 945 [2013]). Here, 1790 Broadway and HSBC established their prima facie entitlement to judgment as a matter of law by submitting, inter alia, a transcript of the deposition testimony of the plaintiff, which demonstrated that the plaintiff could not identify the cause of her fall without resorting to speculation (*see Dennis v Lakhani*, 102 AD3d 651, 652 [2013]; *Califano v Maple Lanes*, 91 AD3d 896, 897 [2012]; *McFadden v 726 Liberty Corp.*, 89 AD3d 1067, 1067 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562-564 [1980]). Accordingly, the Supreme Court properly granted the subject branches of the respective motion and cross motion of HSBC and 1790 Broadway.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.