■ BIANCA MOTTOLA et al., Appellants, v HARVEST ON HUD-SON, LLC, Respondent. [997 NYS2d 476]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Tolbert, J.), entered August 20, 2012, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

Bianca Mottola (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action to recover damages for injuries allegedly sustained when the injured plaintiff tripped and fell on the outdoor patio at a restaurant owned and operated by the defendant. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

A defendant may establish its prima facie entitlement to judgment as a matter of law in a slip-and-fall case by submitting evidence that a plaintiff is unable to identify the cause of his or her fall (see Dennis v Lakhani, 102 AD3d 651, 652 [2013]; see also McFadden v 726 Liberty Corp., 89 AD3d 1067, 1068 [2011]; Capasso v Capasso, 84 AD3d 997, 998 [2011]; Alabre v Kings Flatland Car Care Ctr., Inc., 84 AD3d 1286, 1287 [2011]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law by its submission of the transcript of the injured plaintiff's deposition, at which the injured plaintiff testified that she was unable to identify the cause of her fall (see Babitskaya v Mosvideofilm Russia, Inc., 98 AD3d 639, 639-640 [2012]; Patrick v Costco Wholesale Corp., 77 AD3d 810 [2010]). In opposition to the motion, however, the plaintiffs raised a triable issue of fact through the deposition testimony of an eyewitness, together with photographs taken almost immediately after the injured plaintiff fell, showing the cracked condition of the patio floor in the area of the incident (see Izaguirre v New York City Tr. Auth., 106 AD3d 878, 879 [2013]; Diaz v 1100 Wyatt LLC, 99 AD3d 532, 532 [2012]; Stanojevic v Scotto Bros. Rest. Enters., Inc., 16 AD3d 575, 576 [2005]).

The defendant's remaining contention is without merit.

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Miller, Maltese and Duffy, JJ., concur.