■ MILDRED TRAPANI, Respondent, v YONKERS RACING CORPORATION, Doing Business as EMPIRE CITY CASINO, et al., Appellants. [1 NYS3d 299]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Strauss, J.), entered February 6, 2013, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured when she slipped and fell while entering a bathroom at premises owned by the defendant Yonkers Racing Corporation and operated by the defendant Yonkers Racing Association. At her deposition, the plaintiff testified that she had visited the subject premises "quite often" prior to the accident, and estimated that she had been in the same bathroom more than 20 times. The plaintiff testified that, on the date of the accident, she was looking forward as she entered the bathroom, and that, prior to her fall, she did not "feel any slipperiness on the floor." When asked whether there was any slippery substance underneath her when she fell, the plaintiff responded that "it could have been" because she "felt damp when [she] fell." The plaintiff also testified that there was no puddle underneath her and that she could not say the floor was wet. Although the plaintiff testified that it was "very dark" inside the bathroom, when asked if the lighting was different at the time of her accident than it had been during her prior visits, the plaintiff testified, "I never looked at the lighting. I don't notice those things. I don't look at lights." Following the accident, an incident report was prepared by a peace officer employed by the defendants indicating that, on the day of the accident, the plaintiff stated that she was looking in the mirror on the right side of the restroom entrance and "wasn't paying attention causing her to walk into the wall falling to the floor."

"A plaintiff's inability to identify the cause of her fall is fatal to a claim of negligence in a slip-and-fall case because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (*DiLorenzo v S.I.J. Realty Co., LLC*, 115 AD3d 701, 702 [2014]; *see Rodriguez v 1790 Broadway Assoc., LLC*, 122 AD3d 604 [2014]; *Patrick v Costco Wholesale Corp.*, 77 AD3d 810 [2010]). Here, the the defendants established their prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff could not identify the cause of her fall without resorting to speculation (*see Rodriguez v 1790 Broadway Assoc., LLC*, 122

AD3d 604 [2014]; *Dennis v Lakhani*, 102 AD3d 651, 652 [2013]; *Curran v Esposito*, 308 AD2d 428, 429 [2003]; *Capone v 450 Lexington Venture*, 300 AD2d 428, 428-429 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's affidavit submitted in opposition to the motion, in which she identified the cause of her fall as "water or cleaning liquid that was on the floor," merely raised what clearly appears to be a feigned issue of fact designed to avoid the consequences of her earlier deposition testimony (*see Capasso v Capasso*, 84 AD3d 997, 998 [2011]; *Hunt v Meyers*, 63 AD3d 685, 686 [2009]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Skelos, Roman and Miller, JJ., concur.