■ Maria Priola, Appellant, v Herrill Bowling Corp., Doing Business as Herrill Lanes, Respondent. [52 NYS3d 635]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (K. Murphy, J.), entered March 17, 2016, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she slipped and fell while bowling in a bowling alley owned by the defendant. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. The plaintiff appeals.

In a premises liability case such as this, involving a slip and fall allegedly caused by a dangerous condition, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (see Singh v City of New York, 136 AD3d 641, 642 [2016]; Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827 [2014]). Here, the defendant established its entitlement to judgment as a matter of law by submitting, inter alia, the deposition testimony of the plaintiff, which demonstrated that the plaintiff was unable to identify the cause of her fall (see Califano v Maple Lanes, 91 AD3d 896, 897-898 [2012]; McFadden v 726 Liberty Corp., 89 AD3d 1067, 1068 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Chambers, Roman and Connolly, JJ., concur.