Appeal from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered June 23, 2015. The order granted the defendant’s motion for summary judgment dismissing the complaint.
 

 Ordered that the order is affirmed, with costs.
 

 The plaintiff allegedly was injured when she slipped and fell in the defendant restaurant. The plaintiff could not identify the cause of her fall, but stated, at her deposition, that it “could have been grease from the kitchen.” The plaintiff commenced this action to recover damages for personal injuries. Following joinder of issue and the completion of discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
 

 In a slip-and-fall case, a plaintiff’s inability to identify the cause of the fall is fatal to the cause of action because a firiding that the defendant’s negligence, if any, proximately caused the plaintiff’s injuries would be based on speculation (see Priola v Herrill Bowling Corp., 150 AD3d 1163, 1164 [2017]; Ash v City of New York, 109 AD3d 854, 855 [2013]; Patrick v Costco Wholesale Corp., 77 AD3d 810, 810 [2010]; Louman v Town of Greenburgh, 60 AD3d 915, 916 [2009]). Here, the defendant established its prima facie entitlement to summary judgment by demonstrating that the plaintiff could not identify the cause of her fall (see Trapani v Yonkers Racing Corp., 124 AD3d 628, 629 [2015]; Patrick v Costco Wholesale Corp., 77 AD3d at 811; Scott v Rochdale Vil., Inc., 65 AD3d 621 [2009]; Costantino v Webel, 57 AD3d 472 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (see Patrick v Costco Wholesale Corp., 77 AD3d at 811; Hartman v Mountain Val. Brew Pub, 301 AD2d 570, 571 [2003]). Accordingly, the defendant’s motion for summary judgment dismissing the complaint was properly granted.
 

 In light of our determination, we need not reach the plaintiff’s remaining contentions.
 

 Rivera, J.R, Hall, Roman and Christopher, JJ., concur.