Morchyk v Acadia 3780-3858 Nostrand Ave., LLC (2018 NY Slip Op 01302)





Morchyk v Acadia 3780-3858 Nostrand Ave., LLC


2018 NY Slip Op 01302


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-01086
 (Index No. 504496/13)

[*1]Tatyana Morchyk, appellant, 
v
Acadia 3780-3858 Nostrand Avenue, LLC, respondent.


Law Office of Yuriy Prakhin, P.C., Brooklyn, NY (Rachel Kaylie of counsel), for appellant.
Varvaro, Cotter & Bender, White Plains, NY (Heath A. Bender of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Toussaint, J.), dated July 22, 2016, which granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On June 18, 2013, the plaintiff fell while descending an interior staircase in a building owned by the defendant. The plaintiff commenced this action to recover damages for her personal injuries based on the defendant's alleged negligence. The defendant subsequently moved for summary judgment dismissing the complaint on the ground, among others, that the plaintiff was unable to identify the cause of her fall. The Supreme Court granted the motion. The plaintiff appeals, and we affirm.
Contrary to the plaintiff's contention, the Supreme Court properly granted the defendant's motion for summary judgment. In support of its motion, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff was unable to identify the cause of her fall (see Priola v Herrill Bowling Corp., 150 AD3d 1163; McFadden v 726 Liberty Corp., 89 AD3d 1067, 1068; Capasso v Capasso, 84 AD3d 997, 998; Patrick v Costco Wholesale Corp., 77 AD3d 810, 811). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). The plaintiff's conclusory assertion that the absence of a handrail on the side of the stairs where she fell constituted a building code violation was insufficient to defeat the defendant's motion.
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court