Harris v Live, Play & Bounce Corp. (2018 NY Slip Op 05918)





Harris v Live, Play & Bounce Corp.


2018 NY Slip Op 05918


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-03066
 (Index No. 35283/12)

[*1]Debra Harris, appellant, 
v
Live, Play and Bounce Corp., respondent, et al., defendants.


Kenneth J. Ready, Mineola, NY (Gregory S. Gennarelli of counsel), for appellant.
Barry McTiernan & Moore LLC, New York, NY (David H. Schultz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated November 30, 2016. The order granted the motion of the defendant Live, Play and Bounce Corp. for summary judgment dismissing the complaint insofar as asserted against it and denied, as academic, the plaintiff's cross motion for summary judgment on the issue of liability insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff's daughter allegedly was injured as she slid down an inflatable slide at a facility owned and operated by the defendant Live, Play and Bounce Corp. (hereinafter the defendant). Although both of her parents were present when the accident allegedly occurred, neither witnessed it. The child, four years old at the time, came to her mother crying, and reporting that she fell and hurt her arm while on a slide. The plaintiff commenced this action to recover damages for personal injuries on behalf of her daughter. The complaint alleged, inter alia, negligent maintenance of the inflatable slide. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint insofar as asserted against it on the ground, among others, that the plaintiff was unable to identify the cause of her child's accident. The plaintiff opposed the defendant's motion and cross-moved for summary judgment on the issue of liability insofar as asserted against it. The defendant opposed the cross motion. The Supreme Court granted the defendant's motion and denied the plaintiff's cross motion as academic. The plaintiff appeals.
Based on the deposition testimony of the child's parents, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that the plaintiff was unable to identify the cause of the child's accident (see Gani v Avenue R Sephardic Congregation, 159 AD3d 873, 874; Priola v Herrill Bowling Corp., 150 AD3d 1163, 1164; Antelope v Saint Aidan's Church, Inc., 110 AD3d 1020, 1021; Califano v Maple Lanes, 91 AD3d 896, 897-898; McFadden v 726 Liberty Corp., 89 AD3d 1067, 1068; Capasso v Capasso, 84 AD3d 997, 998; Patrick v Costco Wholesale Corp., 77 AD3d 810, 811). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
In light of the Supreme Court's determination with respect to the defendant's motion, it properly denied, as academic, the plaintiff's cross motion for summary judgment on the issue of liability insofar as asserted against the defendant.
RIVERA, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court