Skotnik v St. Frances De Chantal R.C. Church (2018 NY Slip Op 08169)





Skotnik v St. Frances De Chantal R.C. Church


2018 NY Slip Op 08169


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2017-08456
 (Index No. 17329/14)

[*1]Zenona Skotnik, appellant, 
v
St. Frances De Chantal R.C. Church, et al., respondents, et al., defendant.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Picciano & Scahill, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated June 15, 2017. The order, insofar as appealed from, granted that branch of the motion of the defendants St. Frances De Chantal R.C. Church and Resources of the Roman Catholic Diocese of Brooklyn and Queens which was for summary judgment dismissing the second amended verified complaint insofar as asserted against the defendant St. Frances De Chantal R.C. Church.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On December 20, 2013, the plaintiff allegedly slipped and fell on an interior set of stairs near the front altar inside premises known as St. Frances De Chantal R.C. Church (hereinafter the defendant church), located in Brooklyn. The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained as a result of the fall. After issue was joined, the defendant church and the defendant Resources of the Roman Catholic Diocese of Brooklyn and Queens (hereinafter together the defendants) moved for summary judgment dismissing the second amended verified complaint insofar as asserted against them on the ground, among others, that the plaintiff was unable to identify the cause of her fall. The Supreme Court granted the motion, and the plaintiff appeals from so much of the order as granted that branch of the defendants' motion which was for summary judgment dismissing the second amended verified complaint insofar as asserted against the defendant church.
In support of the motion, the defendant church established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff was unable to identify the cause of her fall (see Gani v Avenue R Sephardic Congregation, 159 AD3d 873, 874; Priola v Herrill Bowling Corp., 150 AD3d 1163, 1164; Califano v Maple Lanes, 91 AD3d 896, 897-898; McFadden v 726 Liberty Corp., 89 AD3d 1067, 1068; Capasso v Capasso, 84 AD3d 997, 998; Patrick v Costco Wholesale Corp., 77 AD3d 810, 811). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendants' motion which was for summary judgment dismissing the second amended verified [*2]complaint insofar as asserted against the defendant church.
MASTRO, J.P., SGROI, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court