Bilska v Truszkowski (2019 NY Slip Op 02490)





Bilska v Truszkowski


2019 NY Slip Op 02490


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-08991
 (Index No. 502795/14)

[*1]Anna Bilska, plaintiff-respondent, 
v
Mariana Truszkowski, defendant third-party plaintiff-appellant-respondent; Bogdan Cyrnek, et al., third-party defendants-respondents- appellants.


Rebore, Thorpe & Pisarello, P.C., Farmingdale, NY (Joseph F. Pusateri and Michelle S. Russo of counsel), for defendant third-party plaintiff-appellant-respondent.
Goldberg Segalla LLP, Garden City, NY (Brendan T. Fitzpatrick and Robert W. Berbenich of counsel), for third-party defendants-respondents-appellants.
Bader & Yakaitis, LLP, New York, NY (Michael Caliguiri of counsel), for plaintiff-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals, and the third-party defendants cross-appeal, from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated July 15, 2016. The order, insofar as appealed from, denied that branch of the defendant third-party plaintiff's motion which was for summary judgment dismissing the complaint, and that branch of her cross motion which was for summary judgment on her third-party cause of action for contractual indemnification. The order, insofar as cross-appealed from, denied the third-party defendants' motion for summary judgment dismissing the third-party complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, that branch of the defendant third-party plaintiff's motion which was for summary judgment dismissing the complaint is granted, and that branch of the defendant third-party plaintiff's cross motion which was for summary judgment on her third-party cause of action for contractual indemnification is granted; and is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant third-party plaintiff, payable by the plaintiff and the third-party defendants.
The plaintiff allegedly slipped and fell on water while working in the kitchen of a restaurant owned by the third-party defendant Bowian, Inc. (hereinafter Bowian). The plaintiff commenced this action against the owner of the premises where the restaurant was located, the defendant third-party plaintiff Mariana Truszkowski (hereinafter the landlord), to recover damages [*2]for personal injuries. The landlord commenced a third-party action, inter alia, for contractual indemnification against Bowian and its principal, the third party defendant Bogdan Cyrnek, who personally guaranteed the lease.
After the completion of discovery, the landlord moved, inter alia, for summary judgment dismissing the complaint. Bowian and Cyrnek moved for summary judgment dismissing the third-party complaint, and the landlord cross-moved, inter alia, for summary judgment on her third-party cause of action for contractual indemnification. The Supreme Court denied the landlord's motion, Bowian and Cyrnek's motion, and the landlord's cross motion. The landlord appeals, and Bowian and Cyrnek cross-appeal.
In a slip and fall case, "a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall" (Buglione v Spagnoletti, 123 AD3d 867, 867; see Altinel v John's Farms, 113 AD3d 709). "Proximate cause may be established without direct evidence of causation by inference from the circumstances of the accident" (Vojvodic v City of New York, 148 AD3d 1086, 1087; see Buglione v Spagnoletti, 123 AD3d at 867; see also Schneider v Kings Hwy. Hosp. Ctr., 67 NY2d 743). "However, the record must render the other possible causes sufficiently remote to enable the trier of fact to reach a verdict based upon the logical inferences to be drawn from the evidence, not upon speculation" (Thomas v New York City Tr. Auth., 194 AD2d 663, 664; see Simion v Franklin Ctr. for Rehabilitation & Nursing, Inc., 157 AD3d 738, 739).
Here, the landlord met her prima facie burden on her motion for summary judgment dismissing the complaint by submitting the plaintiff's deposition transcript which demonstrated, prima facie, that she was unable to identify the cause of her fall without resorting to speculation (see Cross v Friendship Rest. Group, LLC, 154 AD3d 917, 917; Trapani v Yonkers Racing Corp., 124 AD3d 628, 629). The plaintiff's theory that she slipped on water dripping from the ceiling was speculative in light of, inter alia, her deposition testimony that she "personally didn't see any water dripping, but there must have been a drip from the ceiling because the ground was wet." Moreover, Cyrnek testified at his deposition that, although there had been a prior water leak coming from the ceiling into the kitchen, that leak was not near the location of the plaintiff's accident. In opposition, the plaintiff failed to raise a triable issue of fact (see Patrick v Costco Wholesale Corp., 77 AD3d 810, 811). Accordingly, the Supreme Court should have granted that branch of the landlord's motion which was for summary judgment dismissing the complaint.
Further, the landlord was entitled to summary judgment on her third-party cause of action for contractual indemnification. The lease rider provided that Bowian was obligated to indemnify the landlord "against any liability, claim, or payment on account of or arising from the Tenant's possession, use or occupation of the premises," and required Bowian to obtain general liability insurance for the mutual benefit of both parties, naming the landlord as an insured. The landlord established, prima facie, that the accident fell within the scope of the indemnification agreement (see Campisi v Gambar Food Corp., 130 AD3d 854, 855; DeCourcey v Briarcliff Cong. Church, 104 AD3d 799, 802). To the extent that the parties' agreement could be interpreted to require Bowian to indemnify the landlord for her own negligence, the subject indemnification provision is not rendered unenforceable by General Obligations Law § 5-321, which provides that an agreement that purports to exempt a lessor from its own negligence is void and unenforceable (see Campisi v Gambar Food Corp., 130 AD3d at 855). "[W]here, as here, the liability is to a third party, General Obligations Law § 5-321 does not preclude enforcement of an indemnification provision in a commercial lease negotiated at arm's length between two sophisticated parties when coupled with an insurance procurement requirement" (Karanikolas v Elias Taverna, LLC, 120 AD3d 552, 556 [internal quotation marks omitted]; see Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412, 418-419; Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153, 160-161). In opposition, Bowian and Cyrnek failed to raise a triable issue of fact. Accordingly, the landlord was entitled to contractual indemnification, which includes reimbursement of her attorney's fees, expenses, costs, and disbursements, if any, in connection with her defense of the underlying action (see Dominguez v Food City Mkts., 303 AD2d 618, 620).
We agree with the Supreme Court's denial of Bowian and Cyrnek's motion for summary judgment dismissing the third-party complaint.
DILLON, J.P., LEVENTHAL, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court