Joseph J. Giannotti, Respondent,
against
Bowlmor Times Square, LLC, Defendant-Respondent, and Iadventure, LLC, Appellant.




McGaw, Alventosa & Zajac (Andrew Zajac of counsel), for appellant.
Nicholas Goodman & Associates, PLLC (H. Nicholas Goodman of counsel), for defendant-respondent.
Mallilo & Grossman, Esqs (Spencer R. Bell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Maureen A. Healy, J.), entered March 30, 2017. The order, insofar as appealed from, denied a motion by defendant Iadventure, LLC for summary judgment dismissing the complaint insofar as asserted against it and granted the branch of a separate motion by defendant Bowlmor Times Square, LLC seeking summary judgment on its contractual indemnification cross claim against defendant Iadventure, LLC.




ORDERED that the order, insofar as appealed from, is reversed, without costs, the motion by defendant Iadventure, LLC for summary judgment dismissing the complaint insofar as asserted against it is granted, and the branch of defendant Bowlmor Times Square, LLC's motion seeking summary judgment on its contractual indemnification cross claim against defendant Iadventure, LLC is denied as moot.
Plaintiff commenced this action to recover damages for personal injuries after he had allegedly been injured when he had slipped and fallen at the premises of defendant Bowlmor [*2]Times Square, LLC (Bowlmor) during an event promoted and operated by defendant Iadventure, LLC (Iadventure). Bowlmor moved for summary judgment dismissing the complaint insofar as asserted against it and on its contractual indemnification cross claim against Iadventure. Iadventure separately moved for summary judgment dismissing the complaint insofar as asserted against it. Insofar as is relevant to this appeal, the Civil Court granted the branch of Bowlmor's motion seeking summary judgment on its contractual indemnification cross claim and denied Iadventure's motion.
Ordinarily, "[a] defendant moving for summary judgment in a slip-and-fall case has the burden of establishing, prima facie, that it neither created the alleged hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Gadzhiyeva v Smith, 116 AD3d 1001, 1001 [2014]; see Corwise v Lefrak Org., 48 Misc 3d 134[A], 2015 NY Slip Op 51087[U] [App Term, 2d Dept, 2d, 11th, & 13th Jud Dists 2015]). A defendant, however, "can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Ash v City of New York, 109 AD3d 854, 855 [2013]).
Here, Iadventure demonstrated its prima facie entitlement to judgment as a matter of law by establishing, through the submission of plaintiff's deposition testimony, that plaintiff could not identify the cause of his fall without engaging in speculation (see Cross v Friendship Rest. Group, LLC, 154 AD3d 917 [2017]; Priola v Herrill Bowling Corp., 150 AD3d 1163, 1164 [2017]; Amico v Kasneci, 134 AD3d 969, 969 [2015]). In opposition, plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Plaintiff's affidavit submitted in opposition to the motion merely raised what clearly appears to be a feigned issue of fact designed to avoid the consequences of his earlier deposition testimony (see Trapani v Yonkers Racing Corp., 124 AD3d 628 [2015]; Capasso v Capasso, 84 AD3d 997, 998 [2011]). Consequently, Iadventure's motion for summary judgment dismissing the complaint insofar as asserted against it should have been granted.
As this court is, concurently herewith, dismissing the complaint insofar as asserted against Bowlmor (Giannotti v Bowlmor Times Sq., LLC,____ Misc 3d ____, 2019 NY Slip Op ____ [appeal No. 2017-1376 Q C], decided herewith), the branch of Bowlmor's motion seeking summary judgment on its contractual indemnification cross claim against Iadventure is denied as moot.
Accordingly, the order, insofar as appealed from, is reversed, the motion by defendant Iadventure, LLC for summary judgment dismissing the complaint insofar as asserted against it is granted, and the branch of defendant Bowlmor Times Square, LLC's motion seeking summary judgment on its contractual indemnification cross claim against defendant Iadventure, LLC is denied as moot.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 03, 2019